Avery, J.
Questions like these have been discussed in this-case: How far are a married woman’s contracts binding upon her? What is the effect of her repeated recognition of the contract after becoming a feme sole, and of her acceptance of the successive payments as they fell due according to the terms of the-agreement? The question, besides, has been put, whether this is-a valid contract aside from the alleged incapacity of a married woman to contract. In support of the case made by the bill, it is-claimed that nothing is due upon the decree, or that, at all events, the execution has been irregularly issued, after the lapse of so-many years, at least for the old installments.
These questions, and any others looking toward an exemption from the effects of this execution, will probably arise *upon a future occasion. They may all be heard and determined in the county by the Supreme Court, whose process, it is said, has been improperly used. The court can see in the case, no such danger of serious injury, from what is alleged to be an abuse of its process, as to justify an injunction from the court of common pleas. The action of the Supreme Court upon this execution will become-indispensable, before it can work any very serious injury. On the return of that execution the whole subject will be within the power *354 of the Supreme Court, and they can furnish to the parties all proper •relief.
Since, then, ample remedy may he had, upon a motion to set ¡aside the execution in that court, or by some other form of applioation; and as at the time of filing this bill, there was no such •evil existing or threatened, as to call for the injunction, it will, for •¡that cause, be dissolved, and the bill dismissed.