## The State v. Thompson.

SURETY OF THE PEACE.—*Continuance.— Justice may Require Recognizance.*
—In case a continuance of a prosecution for surety of the peace is granted, either by agreement, on application by the defendant or by order of the justice hearing the same, the defendant may be required to enter into a recognizance for his appearance.

SAME.—*Action for Breach.*—The defendant in a prosecution for surety of the peace, being under recognizance for his appearance in the court of the justice of the peace where it was pending, appeared on the day appointed, whereupon the justice, on account of sickness in his family and without requiring a new recognizance, continued the cause, without fixing a day for trial, directing the defendant to return home until he was notified. Notice having been given the defendant, he appeared, was tried, and ordered to enter into recognizance to appear before the circuit

court, but, having departed without leave, his recognizance was forfeited. *Held,* in an action on the forfeited recognizance, that the recognizance was valid, and that his surety is liable.

From the Harrison Circuit Court.

*W. T. Zenor,* Prosecuting Attorney, and *T. W. Woollen,* Attorney General, for the State.

HOWK, C. J.—This was a suit by the State of Indiana, as plaintiff, against the appellee, as defendant, on a forfeited recognizance.

The appellant's complaint contained two paragraphs, each of which counted on the same cause of action. To each of said paragraphs, the appellee demurred for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrers were sustained by the court, and to these decisions the appellant excepted. The State declining to amend, judgment was rendered on the demurrers, for the appellee.

In this court, the State has assigned, as errors, the decisions of the circuit court in sustaining the appellee's demurrers to each of the paragraphs of the complaint.

It appears from the record of this cause, that, on the 21st day of February, 1878, one Louis Danriter filed his affidavit before a justice of the peace of Harrison county, alleging therein that he had reason to fear, and did fear, that Floyd Thompson, and two other persons named, would, by violence injure him, said affiant, and that he made said affidavit to secure the protection of the law, and not from anger or malice. On this affidavit, a warrant was issued, by virtue of which said Floyd Thompson was arrested and taken before said justice on the 22d day of February, 1878, when and where, upon the application of said Floyd Thompson, the venue of the cause was changed, and the same was set for trial before another justice of the peace of said county on the next day, February 23d, 1878.

On said last named day the parties appeared before the justice, and on the application of said Floyd Thompson the cause was continued until the 9th day of March, 1878, at 10 o clock A. M., and he was required to enter into a recognizance in the sum of two hundred dollars for his appearance before the justice on the day and hour specified. Thereupon the appellee, Hardin Thompson, executed the recognizance sued on in this action, in accordance with the requirement of said justice, and conditioned that the said Floyd Thompson should appear and be at the office of the justice on the 9th day of March, 1878, at 10 o'clock A. M., " to answer a charge for surety of the peace, upon the affidavit of Louis Danriter, the complaining witness, and abide the order of the court and not depart without leave, this cause being, by consent of parties, continued until that time."

On the 9th day of March, 1878, at the hour named, the parties appeared in person and by counsel, when the justice, of his own motion, on account of sickness in his family, continued the case and directed the parties to return home until they were notified by him to appear for trial.

Afterward, on the 28th day of March, 1878, at 10 o'clock A. M., in accordance with a notice from the justice, the parties appeared in person and by counsel, and a trial was had, which resulted in a finding by the justice, that said Louis Danriter had cause to fear that said Floyd Thompson would injure his person by violence, and that the said Thompson should enter into bond in the sum of one hundred dollars, for his appearance in the court below, on the first day of its next term, and to keep the peace meanwhile. But the defendant Floyd Thompson, without leave of the justice, " departed without executing said bond ; " and thereupon, on motion of the prosecuting attorney, the aforesaid recognizance of the appellee was declared by the justice to be forfeited.

These are the facts of this case, as they appear in each paragraph of the complaint, and it is clear, we think, that these facts were sufficient to constitute a cause of action.

By the last clause of section 23 of "An act prescribing the powers and duties ot justices of the peace in State prosecutions," approved May 29th, 1852, it is provided, that, in proceedings to obtain surety of the peace, "changes of venue and continuances shall be granted as in other cases." 2 R. S. 1876, p. 674.

In section 14 of the same act it is provided, that, whenever the trial is continued, "the justice shall hold the prisoner to bail for his appearance, * * * in the same manner as prisoners are held to bail * * * * for their appearance at the circuit or other court." 2 R. S. 1876, p. 672.

Under these statutory provisions, the justice had the right, when the case against Floyd Thompson was continued, to hold him to bail for his appearance; and, therefore, the appellee's recognizance in that behalf, sued on in this action, was a valid, legal and binding instrument. By this recognizance the appellee contracted that Floyd Thompson should appear before the justice on the 9th day of March, 1878, to answer the charge then and there pending against him, and abide the order of the justice therein and not depart without leave.

Under the facts stated in either paragraph of the complaint, the justice properly ordered that the hearing of the cause should be postponed, and directed the parties to return home until they were notified by him to appear for trial.

It seems to us that the condition of the appellee's recognizance required that the said Floyd Thompson should abide this order of the justice, and appear and answer the charge on the day subsequently named for the trial, and then and there abide the order of the justice, and not depart without leave.

This construction of the recognizance in suit, we think, is fairly sustained by the terms of the contract and by the letter and spirit of the law under which it was executed.

In our opinion the court below erred in sustaining the appellee's demurrers to each of the paragraphs of the appellant's complaint.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrer to each paragraph of the complaint, and for further proceedings.