CASE 4—FORFEITED BAIL BOND—SEPTEMBER 20.

# Commonwealth v. Turpin.

### APPEAL FROM ESTILL CIRCUIT COURT.

BAIL.—The fact that the defendant in a prosecution for a misde-
meanor was present in court at the trial and after his conviction
conversed with the clerk about replevying the fine and left with
the promise to return the next day and execute a satisfactory re-
plevin bond, was not sufficient to exempt the surety in his bail
bond from further liability, the surety having undertaken by
the terms of the bond that the accused, "if convicted, shall render
himself in execution thereof."

WM. J. HENDRICK, ATTORNEY-GENERAL FOR APPELLANT.

1. It is immaterial that the name of the appellant, T. W. Turpin, does
not appear in the body of the bond. A signature at the end of a
bond is sufficient.
2. The failure of the defendant, Portwood, to execute and deliver the
replevin bond in court, after conviction, renders the surety in the
bail-bond liable. (Willis v. Commonwealth, 85 Ky., 68; Smith v.
Commonwealth, 91 Ky., 588; Henry v. Commonwealth, 4 Bush,
427; Commonwealth v. Cummings, 18 B. M., 26.)

JUDGE EASTIN DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted by the Commonwealth of Ken-
tucky from a judgment of the Estill Circuit Court dismiss-
ing a proceeding against appellee, as surety in a forfeited
bail bond.

It appears from the record that appellee became bound as
surety on the bond for one Portwood, who had been indicted
at the June term, 1893, of the Estill Circuit Court, and who
was arrested on a bench warrant issued June 5, 1894. The
bench warrant and the bail bond were properly returned by
the sheriff to the clerk of the court, and, after a continuance
of the case at one term of the court, when both the principal

and surety in the bond were present in court, the case was again called at the April term, 1895, and the principal in the bond, being present, was tried, found guilty and fined the sum of ten dollars, which, if not paid in money or replevied, he was required to pay by hard labor at the rate of one dollar for each day till the fine and costs were satisfied.

The evidence shows that, after the judgment was rendered against him, Portwood was asked if he could pay or replevy the fine and replied that he thought he could, and thereupon went to the clerk's desk, presumably for the purpose of doing so, but did not pay or furnish satisfactory security, and was allowed to go home for the purpose of making arrangements to do so, but did not afterwards return. Subsequently, the principal in the bond, having failed to appear further, or to either pay or replevy the fine, the bail bond was forfeited, and appellee, as surety therein, was proceeded against and called upon to satisfy the same. He answered, setting up the fact that he had surrendered his principal in open court before the trial and also stating substantially, as above set forth, what had occurred after the trial of his principal with reference to the payment of the fine.

Upon the hearing of the proceeding against appellee on the bond, appellee testified that he was present in court with Portwood at a term of the court when the case was called and continued, and his brother, J. H. Turpin, testified that he was present when Portwood was tried, and that the clerk of the court, on being asked by Portwood to wait until the next day for the execution of the replevin bond, consented thereto by saying "all right." This was all the testimony, and the circuit court, on the hearing, dismissed the proceeding on the bond at appellee's cost, from which order this appeal is prosecuted. The only question to be determined is

whether or not the surety in the bond was discharged under the facts shown.

By the terms of the bail bond, as shown in the record, the undertaking of appellee not only covered the appearance of Portwood in court at a time fixed, but it is further stipulated that he "shall at all times render himself amenable to the orders and process of said court in the prosecution of said charge and if convicted shall render himself in execution thereof; or if he shall fail to perform either of these conditions, that he will pay the Commonwealth of Kentucky the sum of, etc."

It seems to us that the conditions of this undertaking are not fully met, nor its obligations, as against the surety, fully discharged, merely by the appearance in court of the principal at the time fixed or by his trial and conviction. By the terms of the bond, appellee has undertaken that Portwood, "if convicted, shall render himself in execution thereof," and by the further express terms of the obligation, appellee is to be responsible "if he shall fail to perform either of these conditions." It is to be borne in mind, too, that this prosecution against Portwood was for a misdemeanor, and that the trial and conviction could have been had in his absence, and in this respect is unlike a prosecution in a felony case. If he had not appeared in court at all, the fine could still have been imposed and appellee would clearly have been liable. Does the fact that he was voluntarily present in court, even when coupled with the fact that he conversed with the clerk about replevying the fine and left with the promise to return the next day and execute a satisfactory replevin bond exempt the surety in the bail bond from further liability?

It must be remembered also that there was no surrender in court by the surety of his principal such as gives notice that the surety is unwilling to be longer bound on his obliga-

tion, or such as might have been resorted to under the law for the termination of his liability.    It is true that appellee says in his answer that he did surrender him in open court, but he not only fails to prove this, but fails to prove that he himself was in court at all at that term of the court, and, by simply proving that he had been present at a previous term with Portwood, raises a strong presumption at least that he was not there at the term at which the trial took place.    Besides this there is no order of court found in the record showing a surrender of the principal by the surety, and as the principal had the right to pay or replevy the fine, the court had no power to commit him to jail, or, at all events, was not bound to do so in the absence of a formal surrender, and, in our opinion, the surety was not released from his liability in the bail bond.

For the reasons assigned, the judgment of the circuit court, dismissing the proceedings on the bond, is reversed and the case is remanded for further proceedings consistent with this opinion.