PEOPLE v. MacGREGOR et al.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

BAIL (§ 79*)—CRIMINAL PROSECUTIONS—LIABILITY OF SURETIES.

   A bail bond, conditioned as required by Code Cr. Proc. § 568, on accused rendering himself amenable to the orders of the court, and, if convicted, to appear for judgment, remains in force after accused's conviction, where the court directs that the bond shall continue until a designated date, to which time the court is adjourned to pass sentence, notwithstanding section 555, authorizing bail after conviction, which, when considered in connection with section 556, defining the nature of bail after conviction and on appeal, applies only to a conviction evidenced by sentence and judgment.

   [Ed. Note.—For other cases, see Bail, Dec. Dig. § 79.*]

Appeal from Special Term, Schenectady County.

Proceeding by the People against Thomas F. MacGregor and another to forfeit a bail bond. From an interlocutory judgment sustaining a demurrer to the complaint, the People appeal. Reversed, with leave to defendants to answer.

The complaint alleges that Charles N. Vandenberge was indicted for the crime of forgery in the second degree; that he was arraigned, pleaded not guilty, and bail was fixed at the sum of $2,000; that he and the defendants duly made, executed, and acknowledged to the people of the state their bond, in the form prescribed by section 568 of the Code of Criminal Procedure; that he was brought to trial under the indictment June 17, 1910, and duly convicted; "that thereupon said court made an order directing that the bond hereinbefore mentioned be continued until the 15th day of July, 1910, at 10 o'clock in the forenoon, to which time the said court was thereupon adjourned for the purpose of passing sentence and judgment upon said defendant;" that the defendant failed to appear, and his said sureties failed to produce him for sentence and judgment, whereupon the court ordered that the bail be forfeited, and the proper officer proceed against the sureties to collect the sum of $2,000 for the use and benefit of the county of Schenectady. The defendants demurred to the complaint upon the ground, among others, that it did not state facts sufficient to constitute a cause of action.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

A. T. Blessing, for appellant.
Miles R. Frisbie, for respondents.

SEWELL, J. The conclusion of the Special Term, as stated in the decision, was:

"That the court had no authority to release the defendant, Charles N. Vandenberge, upon the original bond; that the same could not, as a matter of law, be continued, so as to bind sureties, and such a release thereby relieved the sureties."

The theory of the court seems to have been that, notwithstanding one of the conditions of the undertaking was that the defendant "shall at all times render himself amenable to the orders and process of the court, and, if convicted, shall appear for judgment and render himself in execution thereof," it had no force or effect after the verdict of

conviction, because section 555 of the Code of Criminal Procedure declares that:

"After the conviction of a crime not punishable with death, a defendant who has appealed, and when there is a stay of proceedings, but not otherwise, may be admitted to bail: 1. As a matter of right, when the appeal is from a judgment imposing a fine only. 2. As a matter of discretion in all other cases."

The question upon this appeal, therefore, is whether the word "conviction," in section 555, was intended to denote the sentence or judgment of the court rendered upon a verdict, and not the finding of a verdict by the jury. In People v. Fabian, 192 N. Y. 449, 85 N. E. 674, 18 L. R. A. (N. S.) 684, 127 Am. St. Rep. 917, Bartlett, J., after discussing the signification of the words "convicted" and "conviction," said that:

"In the general statute which regulates the administration of justice in the criminal courts of this state, we find the word 'conviction' used in both senses. Instances in which it imports a judgment occur in the Code of Criminal Procedure, in sections 442, 449, 519, 527, and 528, in each of which will be found phrase 'judgment of conviction.' This use of the term, with varying meanings, even in the same statute, and extending right down to the immediate present, certainly demonstrates that there is no fixed signification which the courts are bound to adopt."

We think it is apparent, from the language and the purpose of section 555, that it was not intended thereby to limit or affect any of the terms or conditions of the undertaking of bail which may be taken upon an indictment, and that it was designed to apply only to a conviction which is evidenced by sentence and judgment. This is apparent from the facts that it presupposes a judgment, and by its terms is made to apply only to a case where the defendant has appealed from the judgment of conviction and a stay of proceedings has been granted by a certificate that there is reasonable doubt whether the judgment should stand. It was held in People ex rel. Hummel v. Reardon, 186 N. Y. 164, 78 N. E. 860, that this section only relates to admission to bail upon an appeal from a judgment, where a stay of proceedings has been secured as provided in section 527.

It is also apparent, from the provisions of section 556, which is entitled "Nature of Bail After Conviction, and Upon Appeal," and which alone provide for the nature of the bail to be taken under section 555. This section provides that:

"After conviction and upon an appeal, the defendant may be admitted to bail as follows: 1. If the appeal be from a judgment imposing a fine only, on the undertaking of bail, that he will pay the same, or such part of it as the appellate court may direct. * * * 2. If judgment of imprisonment have been given, that he will surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed, or if the certificate of reasonable doubt be vacated as aforesaid."

If such is the correct application of section 555, it is clear that the finding of the verdict did not affect the condition of the undertaking, and that the interlocutory and final judgments must be reversed, with costs and disbursements, and with leave to the defendants to withdraw their demurrer and answer within 20 days, on payment of costs in this court and in the court below. All concur.