STATE OF NORTH DAKOTA, Respondent, v. DAVE BLUM, Lyman Brokaw, and Lorenz Sowitch. LYMAN BROKAW and Lorenz Sowitch, Appellants.

(223 N. W. 697.)

Opinion filed February 18, 1929.

*Ivan V. Metzger* and *Burdick, Shaft, & Burk,* for appellants.

A. J. *Knox*, State's Attorney, for respondent.

NUESSLE, J. Dave Blum was arrested in March, 1925, on a charge of violating the prohibition law. He waived examination and was bound over to the district court. Bail was fixed. Thereafter he furnished an undertaking of bail whereon the defendants, Brokaw and Sowitch, were sureties. An information was filed in the district court charging Blum with the offense for which he had been held to answer. Blum appeared, was arraigned and entered his plea of not guilty. Thereafter and on the 19th of June, a day of the term, Blum again appeared, withdrew his plea of not guilty and entered a plea of guilty to the charge. The court deferred passing sentence until the last day of the term. He continued at large under his bond. On the last day of the term, to-wit, July 3rd, the various defendants who had been convicted were present in court for sentence, Blum among them. His sureties, the defendants Brokaw and Sowitch, were in the court room at the same time. The court passed sentence upon some of the other defendants and they were remanded to the custody of the sheriff. Then the court passed sentence upon Blum. The sheriff had been in attendance in a small ante room off the court room. The judge assumed that

he was still there, but in fact he had gone to the jail with those defendants who had previously been sentenced and was detained there on account of an insane prisoner. When the court passed sentence upon Blum he motioned him to go to the ante room, there to be taken in custody by the sheriff, but the sheriff was not there. Blum stepped into the ante room, passed through and escaped. Thereafter his bond was forfeited and this action was brought to recover thereon against the sureties, the defendants Brokaw and Sowitch. Blum was never retaken and is still at large. No commitment was in fact issued to the sheriff or other officer as provided by § 10,961, Comp. Laws 1913. On this state of facts the court found for the plaintiff and ordered judgment accordingly. The defendants Brokaw and Sowitch thereupon perfected this appeal.

The defendants contended in the district court and now contend that they are not liable on the undertaking, first, because Blum was not regularly committed to the custody of the sheriff as provided by § 10,961, Comp. Laws 1913, and, second, for the reason that when Blum presented himself in court to receive his sentence and was in fact sentenced, the conditions of the bond were satisfied and he was thereafter deemed to be in the custody of the court.

On the trial of the case the court held that it was immaterial as to whether any commitment had been issued to the sheriff or any other officer; that the sole question was as to whether there had been a breach of the bond; that the bond might be breached though no written commitment had been issued. It seems to us that this ruling of the court was right. Section 10,961, Comp. Laws 1913, provides that some evidence of authority shall be furnished to the officer whose duty it is to execute the judgment in a criminal case. Where in such case a defendant is detained in custody, such detention is on account and in execution of the sentence and judgment of the court and not by virtue of the commitment papers. 16 C. J. 1327. The commitment papers evidence the authority of the officer to hold the defendant in custody. And a prisoner may demand a copy of such papers. Comp. Laws 1913, § 11,395. But every required step cannot be taken instantaneously and simultaneously. Had Blum been in the custody of the sheriff when sentence was passed, the sheriff could properly have retained him in custody till the commitment papers issued. He was in the custody

of his sureties instead and the court ordered him to give himself up to the sheriff. This being so we think that the trial court properly held that it was immaterial in the instant case as to whether or not any written commitment had been issued.

The statute, § 11,122, Comp. Laws 1913, prescribes the form of undertaking of bail and reads as follows:

"Bail is put in by a written undertaking, executed by at least two sufficient sureties (with or without the defendant in the discretion of the court, or judge or magistrate), and acknowledged in substantially the following form:

" 'An order having been made (or an information having been filed or an indictment having been found), on the —— day of ————, 19—, by ——————, justice of the peace of———————— county (or an information filed or an indictment found in the district court of the ———————— district in and for the county of ——————), that —————————— be held to answer upon a charge of (stating briefly the nature of the offense) or (as the case may be), charging —————————— (name of defendant) with the crime of (designating it generally) and he having been admitted to bail in the sum of ———————— dollars;

" 'Now, therefore, we ———————— and ———————— (as the fact may be), of ———————— (stating their place of residence and occupation), jointly and severally, hereby undertake that the above named ———————— (naming the defendant) will appear and answer the charge above mentioned (or the information or indictment above mentioned, as the case may be) in whatever court it may be presented, and will at all times hold (or surrender) himself amenable to the orders and process of the court, and if convicted, will appear for judgment, and render himself in execution thereof, or, if he fails to perform either of these conditions, that he will pay to the state of North Dakota the sum of ———————— dollars (inserting the sum in which the defendant is admitted to bail).' "

The undertaking furnished by Blum, and on which the defendants Brokaw and Sowitch were sureties, was substantially in the form prescribed by the statute. Blum had his liberty by reason of this undertaking. According to its terms he was required to hold himself amenable to the orders and process of the court and to appear for judgment

and render himself in execution thereof. Theoretically Blum was in the custody of his sureties. When they signed this undertaking and it was accepted they were substituted in the place of the officers of the court charged with the duty of keeping him in custody. When sentence was passed upon Blum the court directed him to report to the sheriff in order that the sentence might be carried out. Until he did so report Blum continued in the theoretical custody of his sureties. They were in the court room when he was sentenced. So far as appears from the record they saw and heard what was done. It was for them to see that Blum did what was required of him; that is, report to the sheriff in execution of his sentence. They failed in this respect and permitted him to escape. The escape was from them and not from the officer. Under these circumstances there was clearly a default of the conditions of the bond and they must answer in the penalty thereof. In this connection see Abel v. State, 79 Okla. 282, 193 Pac. 969, 20 A.L.R. 589, and authorities cited in the note at page 594, et seq.

The judgment of the district court is affirmed.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.