[Civ. Nos. 6701, 6702. First Appellate District, Division One. March 20, 1929.]

COUNTY OF LOS ANGELES, Appellant, v. DOMENICA MAGA et al., Respondents.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Appellant.

Walter C. Fisher for Respondents.

THE COURT.—The above actions are between the same parties, involve the same questions and it was accordingly stipulated that the appeals be presented on the same record.

The following appears from the agreed statements of facts filed in the two cases: On February 4, 1924, there was filed in the justice's court of Los Angeles township in Los Angeles County a criminal action against Mary Bartodatto, wherein she was charged with the crime of pandering. She was arrested and her bail fixed in the sum of two thousand dollars, following which the defendants executed a bail bond in that amount, which was filed on February 5, 1924. Her preliminary hearing was regularly set for May 27, 1924, at which time the case was called and she failed to appear, whereupon the bond was declared forfeited.

While the criminal action was pending a civil proceeding in the federal court for her deportation was begun, the charge being that she had entered the United States in violation of the immigration law. She was arrested by officers of the immigration service, and upon giving a separate bond to the immigration service was released from custody. She was, in fact, a deportable alien, and prior to the forfeiture of the bond first mentioned a warrant for her deportation to Italy was issued. After the issuance of the warrant, but without having again been taken into custody, she departed from the state before the forfeiture of the bond involved in the present action and now resides in Italy.

On February 4, 1924, a charge of bribery was filed in the same justice's court against Dominico Bartodatto. He was arrested and released upon giving bail in the sum of two thousand dollars, this undertaking being also executed by the defendants. After a preliminary hearing he was held to answer, following which there was filed in the superior court of Los Angeles County an information charging him with the above crime. Thereafter his case was regularly called for trial, but he failed to appear, and on May 26, 1924, the latter bond was also declared forfeited. As was the case with Mary Bartodatto he was a deportable alien, and was charged by the immigration service with a violation of the immigration law. A bond was given in that proceeding and he was released from custody. A deportation warrant was subsequently issued, but being apprised of the fact and without again being taken into custody by the federal authorities he also returned to Italy before the forfeiture of the bond in the criminal proceeding and is now in that country.

It was stipulated in each case that the accused left the jurisdiction without the consent, connivance or knowledge of any of the defendants.

Actions were brought upon the forfeited bonds based upon the foregoing facts, and judgment for each case was entered for the defendants. Motions for new trials were denied and the plaintiff appealed, its contention being that the judgments are contrary to the law and the evidence.

While the giving of bail as a general rule restores the accused to his freedom, technically he is considered as having been delivered into the custody of his sureties, who

are liable for his appearance in accordance with the terms of their undertaking (*Taylor* v. *Taintor*, 83 U. S. 366 [21 L. Ed. 287]; *Hammons* v. *State*, 59 Ala. 164 [31 Am. Rep. 13]; *State* v. *Sandy*, 138 Iowa, 580 [116 N. W. 599]; *Worthen* v. *Prescott*, 60 Vt. 68 [11 Atl. 690]; *State* v. *Schenck*, 138 N. C. 560 [3 Ann. Cas. 928, 49 S. E. 917]); but performance by them of the condition of the undertaking may be rendered impossible or excused by an act of God or of the obligee or of the law. In such cases the sureties are exonerated (*Taylor* v. *Taintor*, *supra;* 6 Cor. Jur., Bail, p. 1025, sec. 279, and cases cited). ■ ■ In the cases at bar, however, no such facts appear as the accused voluntarily left the jurisdiction. Had this course not been taken their sureties, so far as shown, would not have been prevented from surrendering them. That the accused had been arrested in other proceedings did not exonerate their sureties, it appearing that they were at liberty on bail when their cases were called in the state court (*West* v. *Colquitt*, 71 Ga. 559 [51 Am. Rep. 277]; *People* v. *Robb*, 98 Mich. 397 [57 N. W. 257]); nor did the fact that they had fled the jurisdiction following the issuance of the deportation warrant have that effect. In *State* v. *McAllister*, 54 N. H. 156, the accused, who had been admitted to bail upon a criminal charge in the state court, was convicted of a federal offense. While awaiting the execution of sentence he escaped and was at large when his bond in the state court was declared forfeited. The court, in holding that the sureties were not exonerated, said: "They were not prevented from surrendering him by the act of God, by any act of the government of the United States or of the state of New Hampshire, or any sentence of the law—his voluntary absence under the circumstances afforded no justification or excuse for his sureties' failure to produce him." And such is the general rule as declared in the following cases: *Bishop* v. *State*, 16 Ohio St. 419; *Campbell* v. *Board*, 103 Kan. 329 [3 A. L. R. 178, 175 Pac. 155]; *McDonald* v. *Commonwealth*, 213 Ky. 570 [281 S. W. 538]; 45 A. L. R. 1034, and note; *State* v. *Crosby*, 114 Ala. 11 [22 South. 110]; *Wheeler* v. *State*, 38 Tex. 173; *Dunlap* v. *State*, 66 Ark. 105 [49 S. W. 349]. ■ The contention that the accused would have been deported in any event, and that such action pursuant to federal statute would have exonerated the sureties, is beside the

question as the object of requiring bail is not pecuniary compensation to the government, but to compel the presence of the accused in court to the end that justice may be administered (6 Cor. Jur., Bail, sec. 7, pp. 893, 894). Moreover, no act of the federal authorities interfered with the right or power of the sureties to surrender their principals, and to say that such would have been the result of the issuance of the deportation warrant had the accused remained within the jurisdiction would be a mere conjecture.

The record discloses no facts which support the conclusions of the trial court. The judgments are therefore reversed; the causes are remanded, and the trial court is directed to enter judgment in each case in accordance with the prayer of the complaint.