STATE, Appellant, v. HELGERSON, et al, Respondents.

(241 N. W. 325.)

(File No. 7195.   Opinion filed March 7, 1932.)

*Lucius J. Wall,* State's Attorney, of Sioux Falls, for the State.
*H. C. Mundt* and *W. O. Knight,* both of Sioux Falls, for Respondents.

MISER, C. The only question in this case is whether the staying of commitment upon sentence for crime, released sureties, who had no knowledge of that or subsequent stays, from the obligations of a bond which is, in part, as follows:

"An order having been duly made * * * that A. J. Helgerson be held to answer * * * upon a complaint or information charging him with the crime of possession of liquor in a public place upon which he had been duly admitted to bail * * * we, the undersigned hereby undertake that the above named A. J. Helgerson shall appear and answer the charges above mentioned * * * in the Municipal Court * * *, at the next term thereof and at all regular, special and additional terms * * *, and shall at all times render himself amenable to the order and process of the Court, and if convicted, shall appear for judgment, and render himself in execution thereof, or if he fail to perform either of these conditions, that we will pay the state of South Dakota the sum of $1,000.00.

"[Signed]  Frank Munn
"M. C. Munn
"A. J. Helgerson."

The judgment entered as imposed on November 23, 1929, Helgerson being then in court, contained the following: "Commitment

to be stayed until December 14th, 1929, at 9 A. M." Helgerson not appearing at the conclusion of the stays granted, his bond was declared forfeited. The state's attorney then brought the present action against his bondsmen, under the provisions of section 4602, Rev. Code 1919. Judgment was entered for the bondsmen, and the plaintiff appeals therefrom and from the order denying new trial.

The undertaking in the case at bar, like the undertaking in State v. Blum, 57 N. D. 619, 223 N. W. 697, 698, required the person held to answer to hold himself "amenable to the orders and process of the court," and, if convicted, "to appear for judgment, and render himself in execution thereof." The North Dakota court said in that case: "When they signed this undertaking and it was accepted, they were substituted in the place of the officers of the court charged with the duty of keeping him in custody. When sentence was passed upon Blum, the court directed him to report to the sheriff in order that the sentence might be carried out. Until he did so report, Blum continued in the theoretical custody of his sureties."

After sentence, without express order to the contrary, there is an implied legal change of custody from the bail to the law, especially where the bond contains no condition requiring the defendant to abide the final judgment or, if convicted, to render himself in execution of the judgment. 20 A. L. R. 629, note; 6 C. J. 1032; Detroit Fidelity & Surety Co. v. United States (C. C. A.) 36 F. (2d) 682, 683. But here the bond contained the condition that the principal therein should "render himself in execution of the judgment." Furthermore, the very part of the judgment which respondents claim freed them from liability on their bond, negatives any implication of change of custody from the bail to the law. As stated by the Court of Appeals in Detroit Fidelity & Surety Co. v. United States, supra: "Nothing in the judgment, either expressly or by implication, changed the right of the surety to arrest and deliver its principal as authorized by law." The bondsmen in the case at bar had less cause to be released from their liability than the bondsmen in the case last cited, because the language of the present bond was more comprehensive, and there was nothing whatever to prevent respondents from arresting their principal and surrendering him to the law.

The facts are not in dispute and, as proven and as found, they do not support a judgment relieving respondents from liability on their bond, but clearly entitle appellant to the relief sought in the complaint.

The judgment is therefore reversed, and the cause remanded, with directions to the trial court to enter conclusions of law and judgment upon the present findings in favor of plaintiff-appellant in harmony with the views herein set forth.

CAMPBELL, P. J., and POLLEY, ROBERTS, WARREN, and RUDOLPH, JJ., concur.