[Civ. No. 2395. Fourth Appellate District.—December 2, 1940.]

GENERAL CASUALTY COMPANY OF AMERICA (a Corporation), Appellant, v. THE JUSTICE'S COURT OF SAN DIEGO TOWNSHIP, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, Respondent.

J. A. Donnelley for Appellant.

James B. Abbey, District Attorney, and Bertram McLees, Jr., Deputy District Attorney, for Respondent.

GRIFFIN, J.—Respondent herein adopts appellant's statement of facts set forth in its opening brief. They may be thus summarized: On December 26, 1936, one Grover C. Treadway, in an action entitled *People* v. *Grover C. Treadway,* No. 1431, of the records of the Justice's Court of San Diego Township, now the Municipal Court of the City of San Diego, was charged in three separate counts with the violation of sections 502, 332 and 481 respectively of the California Vehicle Act, and on December 28, 1936, that court fixed the bail for Treadway in the amount of $500. On that date appellant posted its bond No. 2210B, in the usual statutory form, in the sum of $500.

The case came to trial on January 25, 1937. Treadway entered a plea of guilty to the charge of violation of section 502 of the Vehicle Code, as set forth in the first count. On the same day, on motion of the district attorney, the second count, i. e., violation of section 332 of the Vehicle Code, was dismissed by that court. On the same day, Treadway was found guilty by that court upon the third count, i. e., violation of section 481 of the Vehicle Code. At that time Treadway waived time for the pronouncement of judgment on the first count and the court sentenced him to serve nine months in the county jail and to pay a fine of $250. The court then proceeded to grant him a stay of execution of the sentence on that count until January 27, 1937. On motion of Treadway, time for the pronouncement of judgment on the third count was set for January 27, 1937. Thereafter, at his request, a

further stay of execution of judgment on the first count was granted from January 27, 1937, to February 20, 1937. Time for the pronouncement of sentence on the third count was likewise continued from January 27, to February 20, 1937. Thereafter, at the request of the attorney for Treadway, time for the pronouncement of judgment on the third count was continued from February 20, 1937, to March 6, 1937, and a further stay of execution on the first count was granted to the same date. On March 6, 1937, the defendant failed to appear and the Justice's Court entered its order declaring the surety bond forfeited. On June 5, 1937, appellant herein filed a motion in the Justice's Court to discharge the order forfeiting the surety bond on the ground that the order of forfeiture was improperly made in that the court had no power or authority to declare a forfeiture of a bond where after the pronouncement of judgment of imprisonment in a criminal case the court granted a stay of execution, and the defendant failed to appear to render himself up to the execution of the judgment. The motion was heard on June 23, 1937, and on that date said court made its order denying the motion.

The petitioner and appellant then filed a petition for writ of mandate in the Superior Court of San Diego County, praying that the Justice's Court be ordered to discharge or vacate the order of forfeiture entered on March 6, 1937. An alternative writ of mandate was issued by the Superior Court and on July 19, 1937, the matter was heard. It was stipulated by counsel for the respective parties that the continuances above mentioned in the Justice's Court from January 27, 1937, to March 6, 1937, were at the request of Treadway or his attorney and that the facts set forth in the petition for writ of mandate were true and correct and the case was argued upon those facts. The Superior Court denied the petition for writ of mandate and from that judgment this appeal has been taken.

The question presented is this: Where a surety company bail bond is posted for the release of a defendant charged in one complaint with three separate misdemeanors, and where in subsequent proceedings on the complaint the second misdemeanor charged is dismissed, and the defendant pleads guilty to the first charge and is sentenced thereon but execution of the sentence is stayed at the defendant's request for a total of 40 days, and on a third charge the defendant is found

guilty but pronouncement of sentence is continued from time to time at the defendant's request for a period of 40 days, is the surety company liable on its bail bond if at the end of said 40-day period the defendant fails to appear for enforcement of the sentence on the first charge and for pronouncement of sentence on the third charge?

It is argued by appellant that when the Justice's Court imposed a judgment on the first count upon the defendant of nine months' imprisonment in the county jail and a fine of $250, that it was the duty of the court under the provisions of section 1215 of the Penal Code and the holding of *In re Clark,* 70 Cal. App. 643 [234 Pac. 109], *People* v. *Mendosa,* 178 Cal. 509 [173 Pac. 998], and *In re Howard,* 72 Cal. App. 374 [237 Pac. 406], forthwith to order that the defendant be committed to the custody of the proper officer and by such officer detained until the judgment was complied with, and that the court had no authority to grant a stay of execution of the judgment; that the imposition of judgment of imprisonment upon the defendant had the immediate effect of exonerating the sureties on his bond, citing *People* v. *McReynolds,* 102 Cal. 308 [36 Pac. 590], and *Seaboard Surety Corp.* v. *Municipal Court,* 121 Cal. App. 470 [9 Pac. (2d) 213], and that it is not necessary that the court make an actual order that the defendant be committed to custody in order to discharge the bail, for the law implies that upon sentence being passed, the proper legal steps will follow, and that it has been held that in such a case the defendant is in the implied custody of the officer, regardless of actual court order, citing *Roberts* v. *Gordon,* 86 Ga. 386 [12 S. E. 648], *Fortenberry* v. *State,* 47 Tex. Crim. Rep. 84 [79 S. W. 538], and *Phillips* v. *State,* 100 Ark. 515 [140 S. W. 734]; and that a bail bond is liable for the appearance of the defendant up until the time of his conviction, but defines conviction to be the time of the sentence or judgment of the court upon the verdict or decision, citing *People* v. *MacGregor,* 147 App. Div. 488 [131 N. Y. Supp. 783], *Suggs* v. *State,* 129 Tenn. 498 [167 S. W. 122], *Ex parte Williams,* 114 Ala. 29 [22 So. 446], *Miller* v. *State,* 158 Ala. 73 [48 So. 360, 20 L. R. A. (N. S.) 861], and *State* v. *Romaine,* 47 Okl. 138 [148 Pac. 79].

Respondent in reply argues that the passing of sentence on the first charge followed by a stay of execution granted at defendant's request did not terminate the surety's liability

under the bail bond. Respondent concedes that the general rule is that where a bailed defendant is convicted, sentenced, actually committed to and taken into custody by the sheriff, his bail is exonerated as to the charge on which he is sentenced, but argues where actual custody is not taken, authorities are far from agreement, and cites 20 A. L. R., pp. 594, 596, which reads:

"No general rule can be laid down upon this subject because the conditions of bail bonds or recognizances vary in different jurisdictions, and in different courts, and have changed from time to time in the same jurisdictions or courts."

In that portion of the annotation dealing specifically with the effect of judgment or sentence (20 A. L. R. 629 et seq.) the author makes this observation:

"The weight of authority seems to hold that the liability of bail terminates with the pronouncement of judgment or sentence upon the defendant, especially where the bond or recognizance does not contain a condition requiring the latter to abide the final order or judgment of the court, or, if convicted, *to render himself in execution thereof.*" (Italics ours.) (See, also, *Commonwealth* v. *Turpin*, 98 Ky. 9 [32 S. W. 133]; *State* v. *Schenck*, 138 N. C. 560 [49 S. E. 917]; *Commonwealth* v. *Casper*, 6 Pa. Co. Ct. Rep. 382; *State* v. *Thompson*, 62 Ind. 367; *Detroit Fidelity & Surety Co.* v. *United States*, 36 Fed. (2d) (C. C. A. 6th) 682; *State* v. *Blum*, 57 N. D. 619 [223 N. W. 697]; *State* v. *Helgerson*, 59 S. D. 516 [241 N. W. 325]; *County of Los Angeles* v. *Maga*, 97 Cal. App. 688 [276 Pac. 352].)

Continuances of the hearing of the action against a defendant freed from custody under a bail bond have been generally held valid even though without the knowledge or consent of the sureties on the ground that such continuances do not contravene the conditions of the bond. (*County of Los Angeles* v. *Grannis*, 88 Cal. App. 391 [263 Pac. 835]; *State* v. *Cooper*, 147 Minn. 272 [180 N. W. 99]; *State* v. *Staley*, 200 N. C. 385 [157 S. E. 25].)

■ The object of requiring bail is not pecuniary compensation to the state, but to compel the presence of the accused in court to the end that justice may be administered. (*County of Los Angeles* v. *Maga, supra.*)

In the bail bond given in the instant case, the surety undertakes, among other duties, that the defendant "if con-

victed, *will appear for judgment* and *render —— self in execution thereof; . . . "* (Italics ours.) This is the identical condition construed by the Turpin, Blum and Helgerson cases cited herein.

From the statement of facts presented, we do not favor the construction, as suggested by respondent, that the court intended the continuance herein mentioned to operate as an attempted exercise of authority under the probation law. (*In re Howard,* 72 Cal. App. 374 [237 Pac. 406]; *Ex parte Slattery,* 163 Cal. 176 [124 Pac. 856]; *In re Collins,* 8 Cal. App. 367 [97 Pac. 188].)

We therefore must approach the question as to what effect the order (that the execution of the judgment on the first count be stayed to a date certain) had upon the remaining count. Whether the order staying the execution was within the inherent power of the court to make and was valid under the holding in *In re Collins, supra,* or whether under *People* v. *Mendosa, supra,* the order was void and the court was without authority to suspend the execution of the sentence without admitting the defendant to probation, becomes immaterial, we think, in the instant case. Here, it is clear, the defendant appeared only for the purpose of pronouncement of judgment on the one count and for trial on the remaining count. The time when he should again appear for the purpose of *"rendering himself in execution thereof"* was definitely fixed and at his request. It is apparent from the record of the proceedings that neither he nor his surety at the time of the pronouncement of judgment, intended to surrender the defendant from the custody of the surety to the officer to whose custody he was committed at the time of giving bail, as provided in section 1300 of the Penal Code.

It was held in *Commonwealth* v. *Turpin, supra,* that (from syllabus):

"The conditions of a bail bond, given in a prosecution for a misdemeanor, wherein the surety undertakes that his principal, 'if convicted, shall render himself in execution thereof,' are not fulfilled by the appearance in court of the principal at the time fixed, or by his trial and conviction; and though the court may have allowed the principal to go from custody for the purpose of obtaining the amount of the fine imposed, the surety will be *held* liable upon his disappearance without its payment."

It therefore must follow that whether the order to appear for the purpose of executing the judgment be valid or invalid, the defendant on March 6th, at the time for pronouncement of judgment on the third count, and at the time fixed for him to "render himself in execution", of the judgment on the first count, was not in actual or legal custody of the officer above mentioned. The judgment was still in full force and unsatisfied (*In re Howard, supra*, p. 379; *In re Clark, supra*), and defendant failed to "render himself in execution thereof". He also was at liberty and failed to appear "for judgment" as to the third count.

In *State* v. *McAllister*, 54 N. H. 156, cited with approval in *County of Los Angeles* v. *Maga, supra*, the accused, who had been admitted to bail on a criminal charge in the state court, was convicted of a federal offense. While awaiting the execution of sentence he escaped and was at large when his bond in the state court was declared forfeited. The court held that the sureties were not exonerated and that the defendant's voluntary absence under the circumstances afforded no justification or excuse for his sureties' failure to produce him, citing cases.

As a general proposition of law, where the performance of a condition is rendered impossible by either an act of the obligee or of the law, the surety is no longer liable. (*County of Los Angeles* v. *Maga, supra*; *Detroit Fidelity & Surety Co.* v. *United States, supra*.) We see no application of this principle to the facts of the present case.

In *State* v. *Blum, supra*, it was held that an undertaking of bail was not discharged where the sentence was imposed after plea of guilty and that the sureties on an undertaking of bail were liable because of defendant's failure to comply with an order of court to surrender himself in execution of sentence. To the same effect is *State* v. *Helgerson, supra*, holding that bondsmen undertaking that a defendant should render himself in execution of judgment are not released where, after sentence, commitment was stayed without their knowledge.

Merely a reading of section 954 of the Penal Code, in which is contained the authority for the joinder of two or more counts in one complaint, demonstrates that each count in a criminal complaint is to be considered as completely independent of the others, so far as concerns the determination of the guilt or innocence of the defendant thereunder. Cases construing the section place this construction thereon.

In the case of *People* v. *Carr,* 6 Cal. (2d) 227 [57 Pac. (2d) 489], the court had before it the question whether or not consecutive sentences of one year each could be imposed upon a defendant convicted of four misdemeanors, each charged as a separate count in one information. The defense contended that section 19a of the Penal Code prohibited sentences in excess of one year on any one complaint. The court rejected this contention, saying:

"A person who commits two or more misdemeanors is subject to the possible imposition of two or more separate punishments. He may be tried separately and sentenced separately on each; or he may be charged with a number of crimes in separate counts in one information. The use of a single information is sanctioned by law and is a decided convenience, but in no way does it change the separable character of the offenses charged, nor does it alter the rules governing punishment . . . In our opinion the crimes, and the punishment therefor, are unaffected by the procedural choice of single or separate informations . . . " Other cases in accord with this rule are *People* v. *Moon,* 7 Cal. App. (2d) 96 [45 Pac. (2d) 384], and *People* v. *Ranney,* 123 Cal. App. 403, 407 [11 Pac. (2d) 405].

Had the three misdemeanors been charged against the defendant in three separate complaints and had the defendant been required to furnish a separate bond on each complaint, petitioner's argument would be without foundation whether the three bonds were all furnished by the same or three separate sureties. By reason of the above cited decisions the three counts in the criminal complaint filed against the defendant Treadway must be treated as separate, independent charges for all purposes except the convenience of trial. So considered, it becomes apparent that the proceedings under the first count can have no connection with or effect on the third count since the defendant was at liberty at all times, and a day certain had been fixed for his appearance for the pronouncement of judgment as to the third count. The two counts were not tried together. They dealt with the quite separate and distinct crimes of driving while under the influence of intoxicating liquor and failure to stop after being involved in a traffic accident.

While respondent cites no cases directly in point on the question here involved, the cases of *County of Los Angeles* v. *Maga, supra, McDonald* v. *Commonwealth,* 213 Ky. 570 [281

S. W. 538, 45 A. L. R. 1034], *State* v. *Crosby,* 114 Ala. 11 [22 So. 110], *Havis* v. *State,* 62 Ark. 500 [37 S. W. 957], *State* v. *McAllister, supra,* and *Wheeler* v. *State,* 38 Tex. 173, are analogous. In view of the conclusions reached it becomes unnecessary to determine the effect of the stay of execution as to the first count. The conclusion that the bail was not exonerated at least as to the third count is fully supported by the cases cited herein.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.