RESOLUTE INSURANCE CO., Appellant,

v.

STATE of Alaska, Appellee.

No. 927.

Supreme Court of Alaska.

Feb. 24, 1969.

William T. Plummer, Anchorage, George Vogt, Kodiak, for appellant.

Gerald J. Van Hoomissen, Dist. Atty., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Harold Fuller was convicted of the crime of shooting with intent to kill or wound.[1] Prior to trial, bail set at $15,000 had been furnished by means of an appearance bond provided by appellant. At the time of sentencing, in June 1966, Fuller's counsel notified the trial court that an appeal would be taken from the judgment of conviction, and at his request bail was continued pending appeal. The appeal was dismissed for failure to prosecute the same in February 1967.[2] On March 17, 1967, the state notified appellant to produce Fuller to appear before the trial court on March 24, 1967. Fuller failed to appear on the date designated,[3] and the court forfeited the appearance bond.

Appellant's motion to set aside the forfeiture was denied and this appeal followed. Appellant contends that it had performed all the conditions of the appearance bond when it produced Fuller for sentencing in

1. The conviction was affirmed on appeal. Fuller v. State, 437 P.2d 772 (Alaska 1968).

2. The appeal was later reinstated.

3. Fuller had gone to Viet Nam, which was in violation of a condition of his release on bail pending appeal that he was not to leave Alaska or the continental United States for any foreign ports.

June 1966, and that thereafter the bond was void and could not be forfeited.

■ The appearance bond was a contract between appellant and the state, whereby the state agreed to release Fuller from custody and appellant accepted the responsibility of producing Fuller in court at times designated by the court. If Fuller failed to appear at a time so designated, then appellant became the absolute debtor of the state for the amount of the bond, i. e., $15,000.[4] The effect of this arrangement was to substitute appellant for the jailer, and it was incumbent upon appellant, in order to avoid having to pay the state the amount of the bond, to keep in active and constant contact with Fuller so that it could deliver him to the court when required.[5]

■ The liability of appellant under the bond, and the question as to when such liability terminated, is controlled by the terms of the bond as in the case of any other contract.[6] The pertinent provisions of the appearance bond are as follows:

[I]f the defendant shall appear and answer the charge against him in the above-entitled court or in whatever court it may be prosecuted, and shall at all times render himself amenable to all orders and directions of the court, and shall not depart the jurisdiction of the court having jurisdiction without first obtaining an order from said court, and if convicted shall appear for judgment and render himself in execution thereof, then the bond is to be void; but if he fails to perform any of the conditions of

this bond the amount of the bond shall be due forthwith.

* * * This bond is declared to be a continuing bond.

■ It may be, as appellant argues, that one of the purposes of a bail bond is to insure the defendant's presence at trial, at the time of conviction, or at the time of sentencing. A bond could be drawn to cover only one or more of those contingencies. But that is not what was done here. The plain, unambiguous language of the bond required appellant, in order to avoid having to pay the amount of the bond to the state, to see to it that upon conviction Fuller not only would appear in court for the entry of judgment but also would "render himself in execution" of such judgment. Execution of the judgment would not take place until Fuller was required to begin serving his sentence of imprisonment.[7] If execution of the judgment were delayed by reason of an appeal, as it was here, then it was incumbent upon appellant to produce Fuller at the time execution of the judgment was called for after the appeal was dismissed.

Appellant's liability on the bond continued beyond the date of entry of judgment and until it was necessary to surrender Fuller in execution of the judgment.[8] This is apparent not only from the requirement that Fuller render himself in execution of the judgment, but also from the express provision in the bond stating that "This bond is declared to be a continuing bond." Since Fuller failed to comply with

4. United States v. Davis, 202 F.2d 621, 625 (7th Cir. 1953); United States v. Hickman, 155 F.2d 897, 898 (7th Cir. 1946).

5. United States v. La Vine, 28 F.Supp. 113, 116 (D.Md.1939).

6. Swanson v. United States, 224 F.2d 795, 800–801, 15 Alaska 608, (9th Cir. 1955).

7. People v. Public Service Mutual Ins. Co., 39 Misc.2d 488, 240 N.Y.S.2d 815, 820 (Sup.Ct.1963).

8. United States Fidelity & Guar. Co. v. Justice Court, 99 Cal.App.2d 683, 222 P.2d 292, 295 (Dist.Ct.App.1950); General Cas. Co. v. Justice's Court, 41 Cal. App.2d 784, 107 P.2d 663, 666 (Dist.Ct. App.1940); State v. Helgerson, 59 S.D. 516, 241 N.W. 325, 326 (1932); People v. Public Service Mutual Ins. Co., 39 Misc.2d 488, 240 N.Y.S.2d 815, 820 (Sup. Ct.1963). See Ramer v. State ex rel. Ward, 302 P.2d 139, 140–141 (Okl.1956); State v. Radcliffe, 242 Iowa 572, 44 N.W.2d 646, 648, aff'd on rehearing 47 N.W.2d 175 (1951).

the condition of the appearance bond that required him to render himself in execution of the judgment following dismissal of the appeal, appellant became liable to the state for the amount of the bond in accordance with the express provision that if Fuller "fails to perform any of the conditions of this bond the amount of the bond shall be due forthwith."

Appellant states that in compliance with directions from the State Division of Insurance, it had filed classifications and the type of bonds on which it intended to obligate itself in Alaska, and the rates to be charged. What is asserted to be a part of such filing, but which is otherwise not identified, is a printed sheet of paper containing, among other things, the following language:

Any bond given to secure the release of the defendant after conviction, pending an appeal, shall be considered a new bond and charged for at regular rates.

■ The above language has no controlling effect on the issues raised. First of all, this language can be construed as referring only to rates for bail bonds, so that the same bond given to secure the release of a defendant prior to conviction could be used to secure a release after conviction, so long as an additional premium was charged. Secondly, whatever the nature or scope of representations made by appellant to the Division of Insurance in connection with the latter's directives, the fact remains that the appearance bond in this case is so worded as to extend the responsibility and liability of appellant beyond conviction and entry of judgment, i. e., until the judgment is executed by placing the defendant in prison.

Appellant also specifies as error the trial court's denial of appellant's motion to set aside the bond forfeiture. Since that point is not argued in appellant's brief it is considered abandoned.[9]

The judgment is affirmed.

9. Austin v. Fulton Ins. Co., 444 P.2d 536, 540 (Alaska 1968); Nordin Constr. Co. v. Whitney Bros. Plumbing & Heating, Inc., 441 P.2d 122, 123 (Alaska 1968).