[Civ. No. 53716. Second Dist., Div. Five. Apr. 30, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
NATIONAL AUTOMOBILE AND CASUALTY INSURANCE
COMPANY, Defendant and Appellant.

482

COUNSEL

Mazo, Crystal & Vidor and Paul M. Vidor for Defendant and Appellant.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

**STEPHENS, Acting P. J.—** ▇ This is an appeal by National Automobile and Casualty Insurance Company (National) from denial of its

▇

motion to vacate forfeiture of bail and exonerate the bond posted by it on behalf of Roy A. Burkhart. National claims that its performance of surety has been rendered impossible by the refusal of the district attorney's office to seek extradition of Burkhart from Hawaii after National learned his whereabouts through its own investigative process. We affirm the judgment of forfeiture on the basis that National has failed to take all the legal steps available to it to fulfill its obligation to produce Burkhart in accordance with the terms of their undertaking to do so.

## *The Facts*

National posted a bail bond in the amount of $5,000 for Burkhart, who was charged with a violation of Penal Code section 211, robbery. On August 8, 1977, Burkhart failed to appear for trial in superior court and National's bond was ordered forfeited. A notice of order forfeiting bail was mailed to National on August 17. Thereafter, National filed a motion to vacate forfeiture and exonerate bond on February 10, 1978, and the motion was argued on March 7. At that time it was brought to the court's attention that National had located Burkhart in Hawaii and had requested the Los Angeles Sheriff's Fugitive Detail to teletype a fugitive warrant to Hawaii. However, since the district attorney's office was not going to seek extradition, the sheriff's department would not follow through with National's request.

During argument on the motion, the deputy district attorney in essence acknowledged the position of his office in refusing to seek extradition, but stated that he knew of "no authority for the proposition that once the government refuses to extradite someone that the bonding company is then off the hook, so to speak, and are entitled to setting aside the forfeiture and exoneration of the bond." The judge agreed and denied the motion.

We agree with the trial court that there is no legal authority for the proposition that the mere refusal by the government to extradite a defendant from a foreign jurisdiction operates to excuse the surety of performance and exonerate the bond. ■ Clearly, if the government took some affirmative action which rendered the surety's obligation to have the defendant in court as ordered an impossibility, such as the arrest or detention of the accused in another county before the surrender date (see *People* v. *Meyers* (1932) 215 Cal. 115 [8 P.2d 837]), performance

would be excused and the bond exonerated. However, this is not what has transpired here.

 In conjunction with its ultimate argument of impossibility of performance, National also contends that there is an implied duty of cooperation between the parties to the contract of undertaking, the bonding company and the government. The cooperation that National seeks from the government in this instance is the production of Burkhart for trial by extradition from Hawaii. However, as pointed out by the deputy district attorney when the motion was argued, "Counsel is trying to read into the contract that exists between the government and his client this matter of good faith. But in his way of thinking, good faith means that the government has to do for the bonding company, that is, return Mr. Burkhart in this case to the court, the obligation that the bonding company promised to do for the government."

Nonetheless, National seeks to equate the government's lack of cooperation with its own impossibility of performance and complains that it *cannot* take further action itself and bring Burkhart into the jurisdiction for trial. It relies upon a recent case in Oregon in support of this position. However, the legal steps available to National for it to fulfill its obligation are not obviated by that case; rather, it highlights both the right and wrong way for a surety in National's position to proceed.

In *State* v. *Epps* (1978) 36 Ore.App. 519 [585 P.2d 425], the Court of Appeal of Oregon affirmed the conviction of second degree kidnaping of two agents of a California surety company who had siezed a person they believed to have left California in violation of a bail agreement with their company. They transported him directly back to California in handcuffs and leg-irons. The court found that the taking of the victim had been "without legal authority" under Oregon law, as the defendant had not followed the procedure required under Oregon Revised Statutes, section 133.805, Oregon's enactment of the Uniform Criminal Extradition Act. That section, also enacted in substantially the same form in California as Penal Code section 1551.1 and in Hawaii as Hawaii Revised Statutes, section 832-14, reads as follows: "The arrest of a person may be lawfully made also by an officer or a private citizen without a warrant, upon reasonable information that the accused stands charged in the courts of another state with a crime punishable by death or imprisonment for a term exceeding one year, but when so arrested the accused must be taken before a judge or magistrate with all practicable

speed and complaint must be made against him under oath setting forth the ground for the arrest as in ORS 133.803; and thereafter his arrest shall be heard as if he had been arrested on a warrant." The court said that under the statute the defendants were authorized to arrest the fugitive and take him before a judge or magistrate. However, they were not legally authorized to take him from Oregon to California without following the procedure in section 133.805, and their actions, therefore, constitute kidnaping. (*State* v. *Epps, supra,* 585 P.2d 425, 428.)

There is nothing in the foregoing case that prevented National from sending an agent to Hawaii to arrest Burkhart pursuant to the Uniform Criminal Extradition Act. Even a superficial reading of that act makes clear what steps must be followed; *Epps* makes clear the consequence of taking action but failing to follow those steps; this case will make clear the consequence of failing to take the steps legally available.

National is entirely incorrect in asserting that its performance under the surety contract has been rendered impossible. Since, without sufficient excuse, Burkhart failed to appear for trial as scheduled, bail was properly ordered forfeited (Pen. Code, § 1305), and the motion to vacate forfeiture and exonerate the bond property denied.

The order is affirmed.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied May 17, 1979, and appellant's petition for a hearing by the Supreme Court was denied June 27, 1979.