[No. H001685. Sixth Dist. Nov. 3, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
AMWEST SURETY INSURANCE COMPANY, Defendant and
Appellant.

**COUNSEL**

Michael K. Stevens, Lagorio & Madden and Atherton & Stevens for Defendant and Appellant.

Donald L. Clark, County Counsel, and William B. Mayfield, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

CAPACCIOLI, J.—

### Statement of the Case

■ ■■■■ Defendant Amwest Surety Insurance Company (Amwest) appeals from an order denying its motion to vacate a forfeiture of bail and exonerate a bond posted by it on behalf of David Rydell Robinson.[1] Amwest claims that the trial court should have exonerated the bond because Santa Clara County authorities made its performance impossible.

We affirm the trial court's order.

### Facts

In its opening brief, Amwest asserts that it posted a $3,000 bond to secure the appearance of Robinson, Robinson failed to appear, and the bond was ordered forfeited.[2] Thereafter, on November 20, it moved to set aside forfeiture and exonerate the bond. At the hearing on the motion, the district attorney stipulated that (1) the district attorney was called by the county sheriff and informed that police authorities in Minnesota had located or

---

[1] Such an order is appealable as a collateral order. (*Newman* v. *Superior Court* (1967) 67 Cal.2d 620, 622 [63 Cal.Rptr. 284, 432 P.2d 972]; *People* v. *Wilcox* (1960) 53 Cal.2d 651, 655 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174].)

Unless otherwise specified, all statutory references are to the Penal Code.

[2] Defendant provides neither citation to the record to support these facts nor copies of the bail bond and notice of forfeiture. Nevertheless, these facts are not disputed.

Pursuant to the People's request, we have taken judicial notice of the bail bond, a copy of which is contained in the superior court's file in this matter. (Evid. Code, §§ 452, subd. (d) and 453.) The bond, which Amwest supplied, provides, in relevant part: "Now the AMWEST SURETY INSURANCE COMPANY, a California corporation, hereby undertakes that the above-named defendant will appear in the above-named court on the date above set forth to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her and all duly authorized amendments thereof, in whatever court it may be prosecuted, and will at all times hold him/herself amenable to the orders and process of the court, and, if convicted, will appear for pronouncement of judgment or grant of probation; or, if he/she fails to perform either of these conditions, that the AMWEST SURETY INSURANCE COMPANY, a California corporation, will pay to the people of the State of California, the sum of three thousand dollars ($3000.00)."

could locate Robinson, (2) Minnesota authorities were told that extradition would not be sought because of the expense involved; (3) authorities did not relay this information to defendant; and (4) defendant's bail bondsman would testify that had he known the information, he would have gone to Minnesota, seized Robinson, and returned him to the court.

The trial court denied defendant's motion and entered summary judgment on the bond.

### Discussion

■ Amwest contends that the bail bond contains an implied covenant of good faith and fair dealing pursuant to which Santa Clara County authorities had a duty to disclose the information about Robinson's custody in Minnesota and the district attorney's decision not to extradite. It argues that in failing to perform this duty, the authorities in effect hid Robinson and made it "impossible" for the bondsman to perform as required by the bond.

■ It is well established that where performance of the conditions of a bail bond is rendered impossible by an act of God, an act of the obligee (i.e., the People), or an act of law, the bond will be exonerated.[3] (*Taylor* v. *Taintor* (1872) 83 U.S. (16 Wall.) 366, 369 [21 L.Ed. 287, 289-290]; *People* v. *Meyers* (1932) 215 Cal. 115, 117 [8 P.2d 837]; *County of Los Angeles* v. *Maga* (1929) 97 Cal.App. 688, 690 [276 P. 352]; *General Casualty Co.* v. *Justice's Court* (1940) 41 Cal.App.2d 784, 788 [107 P.2d 663]; see 8 C.J.S., Bail, §§ 76-79, pp. 207-223; 8 Am.Jur.2d, Bail and Recognizance, §§ 182-205, pp. 707-721; see also Civ. Code, § 1511.)

In particular, "[w]here an act of the state in which the criminal charge is pending prevents the appearance of the accused in discharge of the conditions of his bail bond, the sureties on the bond may assert such act in defense against a forfeiture. [Fn. omitted.] A reason assigned for this rule is that there is an implied obligation on the part of the obligee not to hinder the bail in the performance of the obligation by any authority within the

---

[3] The Penal Code also provides for the exoneration of bail upon the occurrence of certain contingencies or events. For a discussion of these statutory bases, see 20 Cal.Jur.3d, Criminal Law, sections 2632-2633, pages 876-878.

In addition, under section 1305, the court has discretion to discharge a bond forfeiture "under terms as may be just" where a timely motion is filed and the surety makes a satisfactory showing of excusable neglect and non-connivance, or where the surety establishes the defendant's death, incapacitation, or detention. (See discussion in 20 Cal.Jur.3d, *supra,* §§ 2646-2647, pp. 893-896.)

limits of the jurisdiction, whether state [fn. omitted] or federal. [Fn. omitted.]" (8 Am.Jur.2d, *supra,* § 187, p. 710 and cases cited therein.)

In support of its claim that the government's implied obligation not to hinder its performance under the bond included a duty to disclose, Amwest cites *Universal Sales Corp.* v. *Cal. etc. Mfg. Co.* (1942) 20 Cal.2d 751 [128 P.2d 665] and *Southern Cal. etc. Assemblies of God* v. *Shepherd of Hills etc. Church* (1978) 77 Cal.App.3d 951 [144 Cal.Rptr. 46]. However, these cases are factually distinguishable and do not support a conclusion that a bail bond contains such an implied duty.

In both cases, either the contract itself or the circumstances surrounding its execution established a special relationship of confidence and trust between the parties: in *Universal Sales,* the parties were partners in a joint venture, each with specifically delineated, ongoing obligations to the other; in *Assemblies of God,* an unsophisticated buyer of real property reasonably trusted a seller and relied on his expertise. In light of the parties relationships, the nature of their contracts, and the express rights and duties created therein, a duty to disclose was both within the reasonable expectations of the parties and an implicit aspect of performance, necessary for the protection of future benefits the parties intended and were entitled to receive.

Here, by contrast, the bail bond was not a joint venture to produce Robinson for trial. Nor can Amwest, whose business is issuing such bonds, claim that it occupied a position of trust in and reliance on the government. Thus, neither the bond nor the circumstances surrounding its issuance suggest the existence of a special relationship that would give rise to an implicit duty on the part of the government to disclose information.

Moreover, in releasing Robinson to the custody of the bondsman, the government fully performed under the bond, and Amwest then assumed the sole responsibility to produce him at the appointed time. (See *Sawyer* v. *Barbour* (1956) 142 Cal.App.2d 827, 833 [300 P.2d 187].) Given the nature of the parties' respective obligations, the government clearly had no duty of watchfulness for the benefit of Amwest and was not required to cooperate with Amwest by taking affirmative steps to ensure that it could produce Robinson. (See *People* v. *National Auto. & Cas. Ins. Co.* (1979) 92 Cal.App.3d 481, 483-485 [154 Cal.Rptr. 872]; 8 C.J.S., *supra,* § 31, p. 59.) Thus, upon Robinson's release and in the absence of a representation of future assistance, Amwest could not reasonably have expected the government voluntarily to pass on information it might obtain about him.

In light of our discussion, we conclude that a bail bond does not contain an implicit ongoing duty on the part of the government to disclose to the

surety information about a defendant who has been released to the surety's custody. Thus in this case, the trial court did not abuse its discretion in refusing to exonerate the bond.

The order is affirmed.

Agliano, P. J., and Brauer, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 20, 1988.