[Civ. No. 64253. Second Dist., Div. Three. Dec. 29, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
ALLIED FIDELITY INSURANCE COMPANY, Defendant and Appellant.

COUNSEL

Mazo, Crystal & Vidor and Paul M. Vidor for Defendant and Appellant.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Richard W. Gerry, Deputy District Attorneys, for Plaintiff and Respondent.

## OPINION

**KLEIN, P. J.-**■ ■■■ Allied Fidelity Insurance Company (Fidelity) appeals from an order denying its motion to vacate the forfeiture of an appeal bond and to exonerate the bond.[1] The undertaking of the bond was that Geraldine Elizabeth Carmichael (Carmichael) would "surrender himself [*sic*] in execution of the judgment, upon its being affirmed or modified. . . ."

We determine that the phrase surrender "in execution of the judgment" contemplates a defendant actually being committed to the custody of the proper officer before liability on an appeal bond ceases and affirm the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

Carmichael was convicted in April 1977 of several felonies and sentenced to state prison for the terms prescribed by law. Carmichael appealed and requested bail on appeal, which the trial court granted.

In May 1980 the appellate court issued an opinion in which it modified the judgment and affirmed. The remittitur reflecting this judgment was filed on September 22, 1980, and on October 7, 1980, Carmichael appeared for the return on the remittitur.

On October 7, 1980, when the case was called for return on the remittitur, the trial court ordered a supplemental probation report and continued the matter to November 4, 1980, for a probation and sentencing hearing. Carmichael remained at liberty on the previously posted bail. On November 4, Carmichael again appeared but the matter was continued to December 2, 1980, on request of defense counsel. Carmichael failed to appear for the December 2 hearing and the trial court issued a bench warrant and ordered bail forfeited.

The trial court subsequently denied Fidelity's motion to vacate forfeiture and to exonerate the bond.

### CONTENTION

The sole issue is the scope of Fidelity's contractual obligation under the appeal bond as defined by the applicable statutory law and the language of the

---

[1] An order denying such a motion is appealable. (*People* v. *Wilcox* (1960) 53 Cal.2d 651, 655 [2 Cal.Rptr. 754, 349 P.2d 522]; *People* v. *Surety Insurance Co.* (1978) 82 Cal.App.3d 229, 231 [147 Cal.Rptr. 65].)

bond itself. Fidelity contends that its obligation terminated when Carmichael appeared in court for the return on the remittitur on October 7, 1980.

We disagree with this contention for reasons hereinafter discussed.

DISCUSSION

(1) *The statutes in issue.*

Under Penal Code section 1273,[2] a defendant who has suffered a judgment of imprisonment may be admitted to bail pending appeal on the undertaking that inter alia, "he will surrender himself *in execution of the judgment,* upon its being affirmed or modified. . . ." (Italics added.)

The bond at issue here incorporates the language of section 1273 as the surety's undertaking as follows: "Now, THEREFORE, We, as ALLIED FIDELITY INSURANCE CO., an Indiana Corporation, hereby undertake that the above named Defendant Geraldine Elizabeth Carmichel a.k.a. Jerry Dean Michael will surrender himself [*sic*] in execution of the judgment, upon its being affirmed or modified. . . ." Fidelity therefore guaranteed Carmichael's presence for "execution of judgment," and argues here that her presence in court for the return on the remittitur fulfilled this promise.

 The term "execution of judgment," however, specifically refers to that time when the trial court carries into effect the final judgment. "The execution of a judgment of conviction in a criminal case is, as in civil cases, the process of carrying the judgment into effect. [Citations.] The manner of executing a judgment sentencing a defendant to imprisonment is prescribed by the Penal Code." (*In re Black* (1967) 66 Cal.2d 881, 889 [59 Cal.Rptr. 429, 428 P.2d 293].) Similarly, Black's Law Dictionary (4th ed., rev. 1968) page 678 defines "execution of judgment" as the "putting into effect of [the] final judgment of [the] court."

For execution of a judgment of imprisonment, section 1215 prescribes the following procedure: "If the judgment is for imprisonment, or a fine and imprisonment until it be paid, *the defendant must forthwith be committed to the custody of the proper officer and by him detained until the judgment is complied with.* Where, however, the court has suspended sentence, or where, after imposing sentence, the court has suspended the execution thereof and placed the defendant on probation, as provided in section twelve hundred and three of the Penal Code, the defendant, . . . , must forthwith *be placed under the care and supervision of the probation officer* of the court committing him, until the ex-

---

[2]All further references to Penal Code provisions will be by section number only.

piration of the period of probation and the compliance with the terms and conditions of the sentence, or of the suspension thereof. . . ." (Italics added.)

■ For a judgment of imprisonment, therefore, surrendering in execution of the judgment occurs at the point in time when the defendant surrenders to the custody of the appropriate probation or prison officer.

In the present case, merely appearing in court for the return of the remittitur, without actually entering into the custody of the proper official, did not constitute surrendering in execution of the judgment.

(2) *Case law involving preconviction bonds supports our position.*

Our interpretation of the surety's obligations is supported by prior cases which have examined similar language in preconviction bonds.

In *U.S. Fid. & Guar. Co.* v. *Justice Court* (1950) 99 Cal.App.2d 683 [222 P.2d 292], the defendant, sentenced to pay a fine of $250 or serve 90 days in jail, was granted a 10-day stay of execution. The defendant failed to pay the fine or to surrender in execution of the judgment within the 10-day period. The trial court concluded that the bond was exonerated on the day the sentence was imposed, but the appellate court reversed holding that "[t]he bond, by its plain language, provides that the defendant will appear for judgment and render himself in execution thereof. He appeared for judgment and at his request the time when he should again appear for the purpose of surrendering himself in execution thereof was fixed. He failed to comply with the condition of the bond that he render himself in execution of the judgment. The petitioner herein, as surety, was liable for his appearance in accordance with the terms of the bond." (*Id.,* at p. 685.) "As is said in 8 Corpus Juris Secundum, section 79, subdivision g, page 158: [*sic*] 'Sureties on a bond conditioned that the principal shall abide the judgment of the court, or that he will appear for judgment and render himself in execution thereof, are not discharged by a conviction and *pronouncement of sentence,* and the principal must further submit to such punishment as shall be adjudged.'" (*Id.,* at p. 688; italics added.)

In *General Casualty Co.* v. *Justice's Court* (1940) 41 Cal.App.2d 784, 788-789 [107 P.2d 663], the surety undertook in the bail bond that the defendant "'if convicted, will appear for judgment and render—self in execution thereof; . . .'" (Italics omitted.) The court stated that defendant's failure to submit to custody constituted failure to render himself in execution of the judgment: "[T]he defendant on March 6th . . . at the time fixed for him to 'render himself in execution,' of the judgment on the first count, was not in actual or legal custody of the officer [to whose custody he was committed at the time of

giving bail]. The judgment was still in full force and unsatisfied [citation], and defendant failed to 'render himself in execution thereof.'" (*Id.*, at p. 790.)

(3) *Statutory amendments also substantiate our conclusion.*

Our understanding of Fidelity's obligation is reinforced by a more recent case, *People* v. *North Beach Bonding Co.* (1974) 36 Cal.App.3d 663 [111 Cal.Rptr. 757], in which the court held that *substitution of "pronouncement of judgment" for "execution of judgment"* in preconviction bond undertakings reduced the scope of a surety's liability.

In *North Beach,* the defendant was present for pronouncement of judgment and was sentenced to the Department of Corrections for the term prescribed by law. The court denied his motion for bail pending appeal, but granted a four-day stay of execution. The defendant failed to surrender himself in execution of judgment on the designated day.

In determining the extent of the surety's liability, the court therein examined section 1459, which provides for "undertakings of bail filed in inferior courts." As originally enacted in 1955 (Stats. 1955, ch. 510, § 1, pp. 987-988), the statute required the surety to undertake that the defendant would, if convicted, ". . . appear for judgment and render him/herself in execution thereof; . . ." By amendments in 1957 and 1959, the Legislature changed the language of section 1459 to require the undertaking that the defendant, ". . . if convicted, will appear for pronouncement of judgment or grant of probation. . . ." (Stats. 1957, ch. 1974, § 4, p. 3522; Stats. 1959, ch. 1188, § 4, p. 3274.)

The court stated that "[i]t must be assumed that the Legislature intended a change in the law regarding the scope of the liability assumed by an admitted surety insurer filing an undertaking of bail in the statutory form when it deleted the coverage for the defendant who failed to render himself in execution of judgment." (*Id.*, at p. 671.)

Under the circumstances in *North Beach,* decided in the aftermath of the statutory modification, the court held that the surety was not liable for defendant's subsequent failure to appear.

## CONCLUSION

We conclude that Carmichael's presence on October 7, 1980, for the return of the remittitur, and Carmichael's appearance on November 4, to which the case was continued to obtain a supplemental probation report, did not constitute a surrending "in execution of the judgment." It was essential that Carmichael

appear on December 2 and be committed to the custody of the proper officer to absolve Fidelity of its obligation. Therefore, Fidelity is liable under the bond for Carmichael's subsequent failure to appear.

### DISPOSITION

The order denying the motion to vacate the forfeiture and to exonerate the bond is affirmed.

Lui, J., and Danielson, J., concurred.