[No. B077269. Second Dist., Div. Six. Sept. 20, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ANTHONY ALLEN, Defendant;
AMWEST SURETY INSURANCE COMPANY, Real Party in Interest and
Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Real Party in Interest and Appellant.

James B. Lindholm, Jr., County Counsel, Jac A. Crawford, Assistant County Counsel, and John Paul Daly, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**STONE (S. J.), P. J.**—Amwest Surety Insurance Company appeals from an order denying motion to set aside summary judgment and exonerate bail and

denial of motion for reconsideration of that order.[1] Amwest contends that the trial court acted in excess of its jurisdiction in declaring the appeal bond forfeited while the appeal was still pending and before the defendant was required to appear. We agree and reverse the order of summary judgment.

## FACTS

Michael Anthony Allen, along with two codefendants, was charged in the San Luis Obispo County Superior Court in No. CR16372 with certain criminal offenses involving the manufacture of methamphetamine. (Health & Saf. Code, §§ 11379.6, 11378; Pen. Code, § 182.)[2] Allen was also charged with possession of a machine gun and silencer. (§§ 12220, 12520.) After his motion to suppress evidence was denied, Allen entered into a plea agreement and stipulated sentence with the People on February 21, 1991. When Allen filed a notice of appeal on April 18, 1991, the court ordered bail on appeal be set in the amount of $30,000.

While Allen's appeal was pending in this court in No. CR16372 (our No. B057204), he was charged with a new offense (Health & Saf. Code, § 11377, subd. (a)) in case No. CR17387.[3] The jury convicted Allen as charged. In a bifurcated proceeding, the trial court took judicial notice of the contents in case file CR16372, specifically Allen's status of bail pending appeal, and found true the enhancement allegation that the crime was committed while Allen was on bail. (§ 12022.1.) The court set the matter for sentencing and ordered that Allen remain at liberty "on bail previously posted."

On August 3, 1992, No. CR17387 was called for sentencing. The minute order reflects that "Counsel advises Court that Counsel had a message from Defendant at 9AM this date advising Counsel that Defendant was 'stranded[.]' [¶] Court orders bail forfeitured [sic]; Bench Warrant ordered to issue with service withheld to 8/4/92 at 1:30PM in Department II." The order also reflects that Allen was ordered to be present on August 4, 1992, at 1:30 p.m.

---

[1]Although summary judgment is a consent judgment which ordinarily is not appealable, courts have carved out exceptions where the judgment is not entered in compliance with consent given and beyond jurisdictional prescriptions contained in Penal Code sections 1305 and 1306. (*People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 219 [119 Cal.Rptr. 917].) Similarly, where the appeal is actually from an order denying a motion to vacate forfeiture, an appeal has been held to lie. (*County of Madera* v. *Ranger Ins. Co.* (1991) 230 Cal.App.3d 271, 273, fn. 1 [281 Cal.Rptr. 230]; *People* v. *Wilcox* (1960) 53 Cal.2d 651, 654-655 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174].)

[2]All further statutory references are to the Penal Code unless otherwise indicated.

[3]We take judicial notice of our own records and opinion in case No. B057204. We also granted Amwest's request for judicial notice of certain minute orders in No. CR17387. (Evid. Code, §§ 452, subd. (d); 459.)

The reporter's transcript of August 3, 1992, indicates that the bail agent was present and that the court ordered bail of $5,000 posted in CR17387 forfeited when it issued a bench warrant. The court also stated, ". . . I'm not going to take any action at this time in 16372. That case, sentence was passed by Judge Christopher Money. I'll refer that case to Judge Christopher Money to consider what action to take." The court ordered the bench warrant held until the next day at 1:30 p.m.

A minute order was also made in No. CR16372 reflecting the same information as in No. CR17387, i.e., that the court was advised that defendant was stranded at 9 a.m., and at 4 p.m., the defendant still having not appeared, the matter was transferred to Department 5, Judge Christopher Money. Judge Money requested the matter be set for a motion to revoke bail on appeal. The minute order stated that the court ordered the motion to be held on August 4, 1992, at 1:30 p.m. for hearing. The order reflects that defense counsel was present, but not the defendant or the bail agent.

On August 4, 1992, defendant Allen failed to appear in No. CR17387 and the court ordered bail forfeited again in that case. On the same date in department 5, Judge Money ordered that bail on appeal was forfeited and a bench warrant issued for Allen's arrest. Notice of forfeiture of bail bond was sent to Amwest on that date. A minute order of April 9, 1993, shows that remittitur issued from this court in No. CR16372, that the judgment had been affirmed in full, and that bail had been forfeited and a bench warrant issued August 4, 1992. Summary judgment was entered on the bail bond in No. CR16372 on April 30, 1993.

Amwest moved to set aside the summary judgment and exonerate bond on the grounds that the court lacked jurisdiction to forfeit the bond while the appeal was still pending and before the defendant and surety had notice defendant was required to appear. The bail agent's declaration asserted that at the time of the forfeiture, Allen was not in default of his appeal and that neither the remittitur nor the court's subsequent minute order was served on him or on the surety, nor was he given an opportunity to produce the defendant subsequent to the remittitur. Respondent filed no written opposition, but argued at the hearing that the minute orders reflected that Allen had called into the court. Thus he must have had notice. The court (Judge Money) denied the motion on the ground that the court had inherent authority to order a defendant back to court pending appeal.

Amwest moved for reconsideration on grounds that subsequent conversations with Allen's trial counsel, and to which his counsel stood ready to attest, revealed that Allen had talked to his counsel on the morning of

August 3, 1992, but did not talk to him after Allen called into the court that he was stranded. Furthermore, no proceedings were pending in No. CR16372 until Judge Hammer transferred the matter to Judge Money after Allen failed to appear in No. CR17387. The court (Judge Duffy) agreed that the record was somewhat confusing but denied the motion.

DISCUSSION

 · Amwest contends that the government may not unilaterally change the terms of the bond or increase the risk of nonperformance without the knowledge or consent of the surety. Respondent counters that the posting of a bond on appeal permits the convicted criminal an opportunity to remain at large so long as he is responsive to the superior court's orders during the time that the matter is on appeal. Respondent expounds dramatically that to presume that the purpose of the bond on appeal may only be activated when the appellant fails to present himself for hearing or the imposition of sentence after the appeal is finalized and the remittitur returned is unreasonable. According to respondent, "[i]t would thwart the ends of justice, deny the Superior Court control of a convicted criminal, and effectually present a dilemma to every Superior Court judge who, when asked to permit bail pending appeal, would be inclined automatically to deny it. Such a result could not possibly be the intent of the law."

 Respondent is correct that the primary responsibility for making the necessary appearances is on the defendant and it is his appearances the surety guarantees. (*People* v. *Surety Ins. Co.* (1977) 76 Cal.App.3d 57, 62 [143 Cal.Rptr. 47].) If the defendant's nonappearance is without excuse, the surety must suffer the consequences. (*Ibid.*) " 'The object of bail is to insure the attendance of the principal and his obedience to the orders and judgment of the court. . . .' " (*People* v. *North Beach Bonding Co.* (1974) 36 Cal.App.3d 663, 675 [111 Cal.Rptr. 757].)

 The appeal bond issued provided that "An order having been duly made on the 18 day of April, 1991, by the Hon. Christopher Money a Judge of the Superior Court of the San Luis Obispo, County of San Luis Obispo, State of California, that said Defendant be admitted to bail in the sum of Thirty Thousand Dollars ($30,000.00) pending the hearing and determination of the appeal of the defendant from the judgment and sentence heretofore rendered in the above entitled cause, in the above entitled court on the 18 day of April, 1991, wherein said defendant was charged with and convicted of the crime of [Heath and Safety Code sections] 11379.6[, and] 11378[, and Penal Code sections] 182[,] 12220[, and] 12520 and said defendant having duly appealed from said conviction and judgment herein, and said defendant having been duly admitted to bail pending the hearing

and determination of said appeal in the sum of Thirty Thousand Dollars ($30,000.00): [¶] Now, we, the AMWEST SURETY INSURANCE COMPANY, a California corporation hereby undertake that the above named Defendant Allen Michael Anthony will surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed, or that, in case the judgment be reversed and that the cause be remanded for new trial, that he will appear in the court to which said cause may be remanded and submit himself to the orders and process thereof; and that if he fails to perform either of these conditions that we will pay to the People of the State of California the sum of Thirty Thousand Dollars ($30,000.00) in lawful money of the United States. If the forfeiture of this bond be ordered by the Court, judgment may be summarily made and entered forthwith against the said AMWEST SURETY INSURANCE COMPANY, a California corporation, and that the defendant, if he be a party to the bond, for the amount of their respective undertakings herein as provided by Sections 1305 and 1306 of the Penal Code."

The language of the bail bond tracks the pertinent statutory language in section 1273: "If the offense is bailable, the defendant may be admitted to bail . . . after conviction, and upon an appeal: . . . If judgment of imprisonment has been given, that he will surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed, or that in case the judgment be reversed, and that the cause be remanded for a new trial, that he will appear in the Court to which said cause may be remanded, and submit himself to the orders and process thereof."

Section 1305 provides in pertinent part, "(a) A court shall declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] (5) To surrender himself or herself in execution of the judgment after appeal."

A bail bond is in the nature of a contract between the government and the surety; the surety acts as a guarantor of the defendant's appearance under risk of forfeiture of the bond. (*People* v. *Amwest Surety Ins. Co.* (1991) 229 Cal.App.3d 351, 356 [280 Cal.Rptr. 58].) The surety guarantees that the defendant will appear at the specific time and place and if the defendant fails to appear at the specified time and place, the surety is absolutely indebted to the state for the amount of the bond. (*Ibid.*) The scope of a surety's contractual obligation under the appeal bond is defined by applicable statutory law and language of the bond itself. (*People* v. *Allied Fidelity Ins. Co.* (1982) 138 Cal.App.3d 724, 726-727 [188 Cal.Rptr. 265].)

■ Under the appeal bond here, Amwest guaranteed that defendant Allen would appear to surrender himself "in execution of the judgment" after appeal, i.e., upon the judgment's being affirmed or modified, dismissed, or remanded for new trial. (§§ 1273, 1305.) "Execution of judgment" refers to the time when the trial court carries into effect the final judgment. (*People* v. *Allied Fidelity Ins. Co.*, *supra*, 138 Cal.App.3d 724, 727.) Unlike the conditions of a preconviction appearance bond in which a surety is obligated to produce the defendant's appearance prior to the pronouncement of judgment if the defendant's presence in court is lawfully required, in an appeal bond the surety contracts to produce the defendant in execution of the judgment.

■ Amwest is incorrect, however, that the court must make a specific order for the defendant's return after issuance of the remittitur. The affirmance of a judgment is self-executing. (*People* v. *Surety Insurance Co.* (1978) 82 Cal.App.3d 229, 234 [147 Cal.Rptr. 65].) As soon as the affirmance is final, the defendant must surrender himself to serve the sentence. (*Ibid.*) A surety notified of the affirmance of judgment and sentence is on notice that the defendant is due to surrender forthwith. (*Id.*, at p. 235.) Forfeiture of the appeal bond is appropriate where the defendant fails to surrender himself following an appeal even though the defendant did not receive an order by the court stating the time or place of surrender. (*People* v. *Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118, 122 [258 Cal.Rptr. 130].)

■ A bail bond may be forfeited only if the provisions of section 1305 are satisfied. (*People* v. *Sacramento Bail Bonds*, *supra*, 210 Cal.App.3d 118, 120.) In the case of an appeal bond, failure to surrender in execution of judgment after the affirmance on appeal is specified as the event which requires forfeiture of the bond. (*People* v. *Surety Ins. Co.*, *supra*, 76 Cal.App.3d 57, 62.) Here the bond was ordered forfeited before the remittitur was filed. Where a statute requires the court to exercise its jurisdiction in a particular manner or follow a certain procedure, subject to certain limitations, an act beyond those described limits is in excess of jurisdiction. (*People* v. *Ranger Ins. Co.* (1992) 9 Cal.App.4th 1302, 1306-1307 [12 Cal.Rptr.2d 343]; *People* v. *Resolute Ins. Co.* (1968) 259 Cal.App.2d 633, 635 [66 Cal.Rptr. 421], disapproved on other grounds in *People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 908 [98 Cal.Rptr. 57, 489 P.2d 1385].) Since remittitur had not issued before August 4 and the defendant was not in default on appeal, the defendant did not fail to surrender himself "in execution of the judgment." Thus, the court's order of forfeiture of bond was in excess of jurisdiction and void.

Respondent's broad pleas that courts will not place defendants on bail if they have no jurisdiction to order them back to court pending appeal are

misplaced. Courts have jurisdiction to make orders conditioning a defendant's release pending appeal on his or her return to court upon order of court. They can require that a defendant sign a release on his or her own recognizance agreeing to appear at all times and places ordered by the court pending appeal. (§ 1318.) A wilful failure to appear by one charged with a felony and released on his or her own recognizance is a felony. (§ 1320.) Similarly, wilful failure to appear by one released on bail in order to evade process of the court is a felony. (§ 1320.5.)

The California Supreme Court has indicated that trial courts have other arrows in their judicial quivers in addition to bail to insure defendant's presence in court. " 'We believe that the "release pending appeal" terminology is generally preferable to the more common "bail pending appeal" nomenclature, because the former term clearly indicates that money bail is only one condition, among others, that courts may utilize in the exercise of judicial discretion to assure a defendant's presence at all necessary proceedings. [Citations.]' (*In re Podesto* [1976] 15 Cal.3d 921, 925-926, fn. 1 [127 Cal.Rptr. 97, 544 P.2d 1297].)" (*In re Pipinos* (1982) 33 Cal.3d 189, 192, fn. 1 [187 Cal.Rptr. 730, 654 P.2d 1257, 28 A.L.R.4th 205].) For example, *In re Podesto, supra*, suggested that a court, wary that a defendant would file an appeal and seek release pending appeal solely for dilatory tactics, might withhold release pending the filing of the notice of appeal and periodically review the matter to ensure the defendant was diligently perfecting the record and filing briefs. (15 Cal.3d 921, 936, fn. 11.)

Here, however, it is not necessary to describe all possible scenarios in which a defendant could be ordered back to court pending appeal. Amwest's obligation was conditioned by the terms of the bond and sections 1305 and 1306. In essence, the trial court transformed the appeal bond Amwest posted into a preconviction appearance bond by imposing conditions applicable to the latter and treated it as an additional bond posted in case No. CR17387 for defendant Allen's appearance in that case. ▪ In the case of a bond posted to assure appearance prior to pronouncement of judgment, a defendant's presence is "lawfully required" where there is a specific order commanding an appearance or the defendant has notice because of actual presence in court when the date and time for a mandatory appearance, such as a pretrial readiness conference, is set. (*People* v. *Ranger Ins. Co.* (1992) 6 Cal.App.4th 1301, 1304 [8 Cal.Rptr. 464].)

" 'Where the court activities violate a strict statutory command designed for the surety's protection,' prejudice need not be shown." (*County of Madera* v. *Ranger Ins. Co., supra,* 230 Cal.App.3d 271, 279.) Defendant Allen's appearance for sentencing in No. CR17387 was not a "lawfully

required" appearance under his appeal bond in No. CR16372. Since the trial court forfeited the bond before issuance of the remittitur and before the surety had notice of the necessity to produce defendant in execution of judgment, the court acted in excess of its jurisdiction and its order of summary judgment is void.

The summary judgment is reversed. The trial court is directed to exonerate the bond and order reimbursement to Amwest if the bond was paid. Costs to appellant Amwest.

Gilbert, J., and Yegan, J., concurred.