[No. F048796. Fifth Dist. Oct. 12, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

### COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Kathleen Bales-Lange, County Counsel, Ronald E. Rezac and Deanne H. Peterson, Deputy County Counsel, for Plaintiff and Respondent.

### OPINION

**GOMES, J.**—Ranger Insurance Company (Ranger) appeals from an order of the trial court denying its motion to set aside a forfeiture and exonerate a bail bond posted for the release of a defendant, Miguel Elenes (Elenes), pending the appeal of his conviction. Ranger contends the trial court lost jurisdiction to declare the bond forfeited when (1) it failed to do so on Elenes's initial nonappearance, and (2) it did not notify Ranger the remittitur had issued until more than two years *after* it was served on the trial court. As we shall explain, we agree with the first contention and therefore will reverse the order of summary judgment.

### FACTS AND PROCEDURAL BACKGROUND

Ranger, through its agent Schaller Bail Bonds (Schaller), posted a bail bond on December 22, 2000, in the amount of $25,000 for the release of Elenes pending appeal of his conviction. The bond requires Elenes to

surrender himself in execution of the judgment upon its being affirmed. Attached to the bond is a document from the Tulare County Sheriff's Department which states that it accepted the surety bond with an appearance date to be set by the court. On February 22, 2002, an opinion was filed in this court affirming Elenes's conviction. On May 21, 2002, we issued a remittitur which stated the opinion had become final.

Over two years later, on September 3, 2004, the Tulare Superior Court issued a document entitled "NOTICE OF HEARING: Appearance After Appeal," which states the Fifth District Court of Appeal had issued an order making it necessary to place the matter back on calendar, and a hearing date had been set for September 24, 2004, "which requires the appearance of Counsel and Defendant." The bottom of the notice contains two lines that read: "CC: Judge X[,] Counsel X[,] DA X[,] Calendar Clerk X (minute order only)[,] Schaller Bail Bonds X."

Both the district attorney and public defender appeared at the September 24, 2004 hearing, but Elenes did not. The public defender, who appeared on his behalf, stated she did not see him in the courtroom. After the court noted Elenes had posted bond pending appeal, the court continued the matter for two weeks, to October 8, 2004, to allow the public defender to attempt to contact Elenes so he could serve his sentence. The court stated that if Elenes did not show up, a bench warrant would issue and the bond would be revoked and forfeited. The court ordered the clerk to mail a copy of the minute order of the proceedings to the bonding company.

Elenes did not appear at the October 8 hearing. The public defender informed the court that no one had been able to locate Elenes. Both the public defender's office and the court clerk sent a letter to the bail bond company. The court noted the bond set an appearance date as a date to be set by the court, the court had set a date and notified the bondsperson, and pursuant to the bond's terms, the bail agent accepted the responsibility of notifying Elenes of the reporting date. The court further noted the bondsperson had not responded to the court's notice and Elenes had not appeared on the date set by the court. The court found Elenes's nonappearance "willful without lawful excuse" and ordered the bond forfeited and revoked. The court issued a no-bail bench warrant. That same day, notice of the forfeiture was mailed to Ranger and Schaller.

On March 28, 2005, summary judgment was entered on the forfeiture of the bail bond. The following day, the court ordered the summary judgment set

aside and the time extended to April 15, 2005. Summary judgment was again entered on April 19, 2005, but was subsequently set aside on May 6, 2005, with the time extended to July 10, 2005.

On June 13, 2005, Ranger filed a motion to vacate the forfeiture and exonerate the bond, on the grounds that (1) the 27-month delay in notifying the bail agent of the issuance of the remittitur exceeded all reasonable time limits and (2) the court lost jurisdiction over the bond when it failed to declare a forfeiture of bail on September 24, 2004, when no excuse was offered for Elenes's failure to appear. On July 14, 2005, the court issued a written order denying the motion. The court explained (1) the court's delay in issuing the order for Elenes to appear following issuance of the remittitur did not negate his duty to appear in court and (2) the court was not required to declare a forfeiture at the September 24 hearing because notice had not yet been provided to Ranger or Elenes; therefore the court properly continued the hearing to provide such notice and timely declared the forfeiture at the noticed hearing. On July 20, 2005, the court entered summary judgment on the bond. This appeal followed.

## DISCUSSION

██ Ranger contends the trial court erred in not forfeiting Elenes's bail at the initial hearing when he failed to appear without sufficient excuse and this error deprived the court of jurisdiction to forfeit Elenes's bail at the succeeding hearing. We agree.

When a defendant fails "without sufficient excuse" to "surrender himself or herself in execution of the judgment after appeal," the trial court "shall in open court declare forfeited the undertaking of bail." (Pen. Code, § 1305, subd. (a)(5).[1]) Our Supreme Court has concluded: "It follows from the foregoing that the court's failure to declare a forfeiture upon a nonappearance without sufficient excuse, either where no excuse is offered or where the finding of an excuse constitutes an abuse of discretion, deprives the court of jurisdiction to later declare a forfeiture." (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907 [98 Cal.Rptr. 57, 489 P.2d 1385].)

██ Section 1305.1 relaxes the forfeiture requirement in section 1305 somewhat by providing if the trial court "has reason to believe that sufficient excuse may exist for the failure to appear, the court may continue the case for

---

[1] All statutory references are to the Penal Code.

a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant." While acknowledging what constitutes a sufficient excuse generally rests within the sound discretion of the trial court, our Supreme Court has held "a defendant's failure to appear without explanation is presumptively without sufficient excuse[.]" (*People v. United Bonding Ins. Co., supra*, 5 Cal.3d at p. 907.)

■ As pertinent here, Ranger guaranteed under the appeal bond that Elenes would appear to surrender himself "in execution of the judgment" after appeal, i.e., upon the judgment's being affirmed. (§§ 1273, 1305.) " 'Execution of judgment' refers to the time when the trial court carries into effect the final judgment. [Citation.] Unlike the conditions of a preconviction appearance bond in which a surety is obligated to produce the defendant's appearance prior to the pronouncement of judgment if the defendant's presence in court is lawfully required, in an appeal bond the surety contracts to produce the defendant in execution of the judgment." (*People v. Allen* (1994) 28 Cal.App.4th 575, 582 [33 Cal.Rptr.2d 669].)

The court need not make a specific order for the defendant's return after issuance of the remittitur, as the affirmance of a judgment is self-executing—as soon as the affirmance is final, the defendant must surrender himself to serve the sentence. (*People v. Allen, supra*, 28 Cal.App.4th at p. 582; *People v. Surety Ins. Co.* (1978) 82 Cal.App.3d 229, 234 [147 Cal.Rptr. 65] (*Surety II*); *People v. Surety Ins. Co.* (1977) 76 Cal.App.3d 57, 62 [143 Cal.Rptr. 47] (*Surety I*).) "No specific time limit is placed upon such surrender except that it be done before a declaration of forfeiture." (*Surety II, supra*, 82 Cal.App.4th at p. 235.) It is appropriate to order forfeiture of the appeal bond "where the defendant fails to surrender himself following an appeal even though the defendant did not receive an order by the court stating the time or place of surrender." (*People v. Allen, supra*, 28 Cal.App.4th at p. 582.) Thus, in the case of an appeal bond, "failure to surrender in execution of judgment after the affirmance on appeal is specified as the event which requires forfeiture of the bond. [Citation.]" (*Ibid.*)

Here, Elenes failed to surrender himself to serve his sentence after his conviction became final in May 2002, thereby triggering the forfeiture of the bond. Over two years later, the trial court noticed a hearing at which it ordered Elenes and counsel to appear. Notice of the hearing was provided to both Elenes's counsel and the bail agent. Elenes failed to appear at the hearing. Ranger argues the court was required to immediately declare a forfeiture because no evidence existed from which the trial court could entertain a reason to believe sufficient excuse may have existed for Elenes's failure to surrender himself. The record only shows defense counsel noted Elenes was not there—no evidence was presented as to attempts to contact

him and no excuse was given for his absence. In short, defense counsel offered *no* explanation for Elenes's absence, thereby requiring the court to declare a forfeiture.

The county argues the trial court had good cause to refrain from declaring a forfeiture at the September 24 hearing because the court "was not satisfied that appropriate notice requirements had been met." Specifically, the county contends the court believed it was possible Elenes had not receive sufficient notice of the hearing. The county acknowledges there is no statutory requirement for a "formal notice procedure," but nevertheless contends the court could delay declaring a forfeiture in order to allow for such a procedure as "a courtesy." We disagree. Regardless of whether Elenes had notice of the September 24 hearing, he was required to surrender himself in a reasonably prompt manner after the remittitur was filed. His failure to do so triggered forfeiture of the bond. The September 24 hearing was the first court proceeding held after issuance of remittitur, therefore it was the court's first opportunity to declare the bond forfeited. As Elenes had failed to surrender himself, either before or at the September 24 hearing, the court was obligated to declare a forfeiture. That he might not have received actual notice of the September 24 hearing did not provide sufficient excuse for Elenes's failure to surrender himself following issuance of the remittitur.[2]

In sum, we conclude the trial court abused its discretion in not forfeiting Elenes's bail when he failed to appear at the initial hearing. "The right to declare a forfeiture not having been exercised was foreclosed." (*People v. United Bonding Ins. Co., supra,* 5 Cal.3d at p. 907.)[3]

---

[2] The trial court also found the court did not need to declare a forfeiture at the September 24 hearing because notice of the hearing had not been provided to Ranger. The county does not make this argument on appeal. Nevertheless, we note that notice of the hearing was provided to the bail agent, which constituted notice to Ranger. (See, e.g., *Surety I, supra,* 76 Cal.App.3d at pp. 60, 63 [notice that remittitur issued which court sent to bail agent put surety on notice of affirmance of judgment]; *Surety II, supra,* 82 Cal.App.3d at pp. 232, 235–236 [reasonable notice of issuance of remittitur given to surety when court sent notice to bail agent].) Therefore, the failure to send a notice to Ranger did not constitute sufficient excuse to delay declaring a forfeiture.

[3] Since we conclude the court erred in failing to declare a forfeiture on September 24, we need not address Ranger's alternative argument that the court lost jurisdiction over the bond because Ranger was not provided reasonable notice the remittitur had issued. (See *Surety I, supra,* 76 Cal.App.3d at p. 63 ["[W]e believe that the surety is entitled to reasonable notice of the filing of the remittitur and a reasonable time within which to surrender the defendant before suffering a forfeiture of the bond. . . . What is a reasonable time will necessarily vary according to the circumstances in each case."].) While we doubt that a delay of two years is reasonable notice, we note that even if we were to conclude the delay was unreasonable, Ranger did not present any evidence below to show that it was not otherwise made aware of the issuance of the remittitur or that it was prejudiced by the delay, such as by showing it could have found Elenes had notice been provided earlier.

## DISPOSITION

The summary judgment is reversed and the matter remanded with directions to vacate the forfeiture and exonerate the bond. Ranger is awarded its costs on appeal.

Levy, Acting P. J., and Kane, J., concurred.