[Civ. No. 5010. Second Appellate District, Division One.—January 18, 1928.]

COUNTY OF LOS ANGELES, Respondent, v. E. W. GRANNIS, Appellant.

Stanley Visel for Appellants.

Edward T. Bishop, County Counsel, and Arthur T. George and W. Sumner Holbrook, Jr., Deputies County Counsel, for Respondent.

HAHN, J., *pro tem.*—This is an appeal by defendants in an action against them as sureties on a bail bond and from the order of court refusing a new trial. The case comes here upon the judgment-roll alone.

Three points are urged by appellant.

First. That the bail bond in question was void because approved by a court commissioner and not by a judge of the superior court.

Second. That the sureties were relieved from their obligation on the bond in question because the trial of the case in which the bond was given was continued several times without the knowledge or the consent of the sureties; and

Third. That the findings are "insufficient because of the generalness to sustain a judgment."

There is no merit in any of the points urged. Section 259 of the Code of Civil Procedure specifically provides for the examination of sureties and the approval of bonds by a court commissioner. Moreover, the examination of sureties or formal approval of a bond is not a part of the contract entered into by the sureties. (3 Cal. Jur. 1059; *Carpenter* v. *Furrey*, 128 Cal. 666 [61 Pac. 369].) There is no provision in the statute that entitles the sureties on a bond to notice of a continuation of the case. No cases are cited by appellant in support of this contention, and we know of no statute or rule of court procedure that sustains this point.

As to the third point, inasmuch as appellants do not specifically point out the issue which the findings do not cover, this court will not give consideration to the point.

The judgment and order denying a new trial are affirmed. It appearing to the court that this appeal, being devoid of any merit, was taken for the purposes of delay, it is further ordered that the appellants pay to respondent as damages the sum of one hundred dollars, which amount shall be included in the costs to be allowed respondent on this appeal.

Houser, Acting P. J., and York, J., concurred.