Filed 2/6/15  P. v. North River Ins. Co. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THE NORTH RIVER INSURANCE COMPANY,<br><br>    Defendant and Appellant;<br><br><br>BAD BOYS BAIL BONDS,<br><br>    Real Party in Interest and Appellant. | A141040<br><br>(San Mateo County<br>Super. Ct. No. CIV523687) |

In this bond forfeiture action, The North River Insurance Company (North River) and Bad Boys Bail Bonds (Bad Boys) appeal from a summary judgment and an order denying their motion to set aside the judgment.  Appellants contend the trial court lost jurisdiction over the bail bond by granting a three-month continuance in the underlying criminal case; requiring the surety's performance under the bond would give effect to an unlawful order; the continuance changed the character of the bond contract; and the entry of judgment in favor of the superior court renders the judgment void.  We will modify the judgment such that it is granted in favor of the People, affirm the judgment as so modified, and affirm the order denying the motion to set the judgment aside.

1

## I. FACTS AND PROCEDURAL HISTORY

An information charged Edward Everett Strother III (Strother) with pimping prostitute Jasmine Fernandez "[o]n or about 01/29/2011," in violation of Penal Code section 266h, subdivision (a).

On July 29, 2011, North River, through its bail bond agent Bad Boys, posted a $70,000 bond for Strother's release from custody. The bond provided for an undertaking by the surety that Strother would appear to answer any charge in an accusatory pleading filed against him and hold himself amenable to the orders and process of the court. If he failed to do so, North River would "pay to the People of the State of California" $70,000. The bond further provided that "[i]f the forfeiture of this bond be ordered by the Court, judgment may be summarily made and entered forthwith against [North River] for the amount of its undertaking herein as provided by Sections 1305 and 1306 of the Penal Code."

### A. Continuance of the Proceedings Against Strother

On December 6, 2011, the prosecutor filed a Joint Motion to Continue the Jury Trial. In support of the motion, the prosecutor submitted a declaration averring that Fernandez was a key witness in Strother's "pimping case," she had been convicted of prostitution on facts stemming from Strother's case, and she had appealed the conviction in November 2011. The prosecutor further declared that "[g]iven the pending appeal, [it is] anticipated that [ ] Fernandez would be 'unavailable' to testify based on her Fifth Amendment privilege."

At a hearing on December 8, 2011, the court acknowledged that the matter was on for defense counsel's joinder in, and nonopposition to, the People's motion to continue the trial. The court found good cause for the continuance. Strother's attorney requested a new trial date in mid-March 2012 and the court concurred, noting that "[i]n light of the nature of the reason for the continuance, that's probably appropriate." The date of March 26, 2012, was selected, and Strother and Fernandez—both of whom were present in court—were ordered to return on that date.

2

B.  Entry of Judgment on the Bond After Strother Fails to Appear

On March 21, 2012, the People filed another motion to continue the jury trial, informing the court that the opening brief in Fernandez's appeal was due on March 29, 2012, and Strother's attorney had not objected to a further continuance.

At the hearing on March 26, 2012, Strother failed to appear.  The court stated: "The defendant was present and ordered to be present today.  It now being 10:15[ a.m.], I'll find the defendant has willfully failed to appear.  [¶] Defendant's bail is forfeited."

In April 2012, the notice of the bail forfeiture was mailed to appellants.  At their request, the court granted them an additional 180 days to seek relief from the forfeiture pursuant to Penal Code section 1305.4.

In April 2013, within the extended appearance period, appellants filed a Motion to Vacate Forfeiture and Exonerate the Bond.  (Pen. Code, § 1305, subd. (a).)  The gist of the motion was that the court lacked jurisdiction to forfeit the bond while a continuance motion was pending.  The People opposed the motion.

In June 2013, appellants filed a supplemental memorandum, arguing that the three-month continuance of the trial date was unlawful because it circumvented the Fifth Amendment rights of a witness; it was improper to enforce the bond based on an unlawful act; the bond could not be made subject to the process of Fernandez's separate case; and the People had waived the enforcement of the bond.  County counsel filed a supplemental opposition on behalf of the People, and appellants filed reply papers.

On July 19, 2013, the court denied appellants' motion to vacate the forfeiture and exonerate the bond.

An order for entry of summary judgment was signed on July 31, 2013, and filed on August 23, 2013.  The order granted judgment "against The North River Insurance Company in favor of the Superior Court of California, County of San Mateo, pursuant to Section 1306 of the California Penal Code."

3

C.  Appellants' Motion to Set Aside the Summary Judgment

Appellants filed a motion to set aside the judgment in September 2013.  They contended that the judgment was void because it was entered in favor of the superior court, which was not a party to the bail proceeding, and there was insufficient notice of the entry of judgment.  The People opposed the motion.

At a hearing on January 23, 2014, the court denied appellants' motion to set aside the judgment.  A written order denying the motion was filed on January 29, 2014.

Appellants thereafter appealed from the judgment and the order denying the motion to set aside the judgment.

## II.  DISCUSSION

As mentioned, appellants contend the court erred in denying their motion to vacate the bail bond forfeiture, and entering summary judgment, because the court lost jurisdiction by continuing Strother's case; requiring the surety's performance would effect an unlawful order; and the continuance changed the character of the bond contract. We review these matters for an abuse of discretion, except as to any purely legal issues, which we review de novo.  (*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592.)  Appellants also contend the court erred in denying the motion to set aside the judgment, because the judgment was rendered in favor of the superior court. We address each of appellants' contentions in turn.

A.  Continuance of the Jury Trial

A continuance of a trial date may be granted in the court's discretion upon a showing of good cause.  (Pen. Code, § 1050, subd. (c); *People v. Laursen* (1972) 8 Cal.3d 192, 204.)  "The granting of a continuance on the ground of the absence of a material witness is subject to certain well established conditions designed to prevent unwarranted delay in criminal prosecutions.  These conditions are:  '(1) a particular obtainable witness [ ]; (2) materiality of the evidence [ ]; (3) the necessity of his testimony [ ]; and (4) diligence to obtain his attendance [ ].' " (*People v. Buckey* (1972) 23 Cal.App.3d 740, 744.)

4

In the matter before us, there is no dispute that Fernandez's testimony was material and necessary, since the case against Strother was a "pimping case" and Fernandez had been convicted of prostitution based on the same facts. Nor is there any dispute that the People acted with diligence to obtain Fernandez's attendance.

Appellants urge, however, that Fernandez was not "obtainable" because she planned to assert her Fifth Amendment right not to testify; they also argue that granting the continuance was unlawful because it was somehow designed to deprive Fernandez of her Fifth Amendment rights. Neither argument has merit.

### 1. Fernandez Was an Obtainable Witness

The court did not err in concluding that Fernandez was an obtainable witness. She appeared at the December 2011 trial date, and she did not object to the setting of the trial in March 2012. Although she was ostensibly unavailable in December 2011 due to her likely assertion of her Fifth Amendment rights pending the appeal of her prostitution conviction, there was no evidence she would continue to assert her Fifth Amendment rights in March 2012, at least if her appeal was resolved by then. It was not irrational for the court to conclude that a continuance of three months might allow for resolution of the appeal and render her available to testify, without unduly delaying the proceedings against Strother.

Appellants' reliance on *People v. Sandoval* (1977) 70 Cal.App.3d 73 (*Sandoval*) is misplaced. There, the defendant challenged the trial court's refusal to continue his probation revocation hearing, arguing that the continuance was necessary to secure the attendance of witnesses. (*Id*. at p. 82.) The appellate court disagreed because, among other things, there was no offer of proof that the witnesses could provide favorable testimony without incriminating themselves. In light of their likely assertion of the Fifth Amendment privilege against self-incrimination, the witnesses were not reasonably obtainable and the continuance was properly denied. (*Id*. at p. 83.)

*Sandoval* is distinguishable from the matter at hand. In *Sandoval*, there was no apparent possibility that any of the witnesses would testify even with a continuance; a

reasonable inference was that the witnesses were not obtainable.  Here, by contrast, there was no indication that Fernandez would *not* testify if the matter was continued, at least if her pending appeal was resolved; a reasonable inference is that Fernandez was an obtainable witness.

Appellants argue in their reply brief that Fernandez's unavailability in December 2011 was not merely temporary, since the Fifth Amendment privilege survives at least through sentencing and resolution of any appeal.  (Citing *People v. Fonseca* (1995) 36 Cal.App.4th 631, 634-635; *United States v. Khan* (5th Cir. 1984) 728 F.2d 676, 680.)  And since Strother was charged with being Fernandez's pimp, appellants believe that Fernandez might be questioned about the entirety of her relationship with Strother, which might involve acts of prostitution besides those at issue in Fernandez's appeal.  Given the potential for further prosecution, appellants argue, the privilege would survive and Fernandez might assert it.

Appellants' speculations as to what Fernandez might do in the future do not demonstrate that the court abused its discretion in granting the limited continuance to March 2012 in December 2011.  If in March 2012 the appeal was indeed resolved and Fernandez did not assert her Fifth Amendment rights, the trial would proceed; if the appeal was not resolved, the court could grant or deny a further continuance depending on the evidence presented to it at that time.  But based on the facts before the court when it ruled in December 2011, the court could reasonably conclude that Fernandez was an obtainable witness for purposes of the requested continuance.

### 2.  The Continuance Did Not Circumvent the Fifth Amendment

Appellants next contend that "[s]ince the continuance was granted in an attempt to circumvent the Fifth Amendment rights of the witness Jasmine Fernandez, the continuance was in violation of the U.S. Constitution and the Court lost jurisdiction."

Appellants fail to show how the continuance was, in fact, "granted in an attempt to circumvent" Fernandez's Fifth Amendment rights.  To the contrary, it was granted in anticipation of her *exercise* of her Fifth Amendment rights on December 8, 2011.  The

6

fact that trial was continued to March 26, 2012, and Fernandez was ordered to return on that date, did not strip her of her right to assert any Fifth Amendment protection she might still have on that date, if she chose to do so.

Appellants do not establish any error in the court's continuance of the trial date.

B. Performance Under the Bond

Appellants argue that the three-month continuance violated California's public policy against excessive continuances, as expressed in Penal Code section 1050, subdivision (a), which reads in part, "Excessive continuances contribute substantially to this congestion [in the criminal courts] and cause substantial hardship to victims and other witnesses." On this basis, appellants urge, requiring performance under the bond would give effect to an unlawful order.

Appellants' argument is meritless. The request for a continuance of the December 2011 trial date was the prosecutor's first request for a continuance. Strother either joined in the request or did not oppose it, and Fernandez offered no objection. The continuance preserved the rights of the People, the defendant, and Fernandez over a three-month period, which was not excessive under the circumstances. And contrary to appellants' suggestion, it did not result in the loss of a Fifth Amendment right.

C. Character of the Bond Contract

Appellants next argue that the summary judgment is void because the continuance of Strother's trial changed the character of the bond contract. They base their argument on *Reese v. United States* (1869) 76 U.S. 13 (*Reese*).

In *Reese*, the district attorney and defense counsel stipulated to postpone the defendant's trial for an uncertain duration, pending the final disposition of collateral civil matters. (*Reese*, *supra*, 76 U.S. at pp. 15-19.) The stipulation was made with the understanding that the defendant would leave the country until the civil matters were resolved, and the continuance was granted without the sureties' knowledge. (*Id*. at pp. 15-16.) The defendant then left the country and never returned. (*Id*. at p. 16.)

7

The Supreme Court in *Reese* held that the sureties were discharged from their obligations because the stipulation changed the bond agreement, releasing the defendant from his original obligation and substituting another in its place, such that he did not have to appear until the occurrence of an uncertain and contingent event. (*Reese*, *supra*, 76 U.S. at pp. 19-21.) The court asserted, "Any change in the contract, on which they are sureties, made by the principal parties to it without their assent, discharges them, and for obvious reasons." (*Id*. at p. 21.) In addition, the court concluded the stipulation breached the government's implied contract not to increase the sureties' risk: "It would be against all principle and all justice to allow the government to recover against the sureties for not producing their principal, when it had itself consented to his placing himself beyond their reach and control." (*Id*. at p. 22, fn. omitted.)

Appellants argue that here, similar to *Reese*, there was a stipulated continuance of Strother's trial pending the appeal in Fernandez's case. Because the bail bond in this case does not ensure Strother's appearance pending the appeal of a third party's case, appellants argue, the stipulated continuance changed the bond agreement and discharged the surety's obligations.

Appellants' argument has no merit. In the first place, *Reese* is readily distinguishable. The stipulated continuance here did *not* render Strother's appearance dependent on Fernandez's appeal. It merely continued the trial to a specified date three months later, due to the unavailability of Fernandez as a prosecution witness; it was not coterminous with the duration and processing of Fernandez's appeal. Nor did the stipulation in this case authorize Strother to flee the country.

Moreover, *Reese* is of no help to appellants because the three-month continuance of Strother's trial date did not change any obligations under the bond agreement. The bond assures that Strother will "appear . . . to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her . . . , in whatever court may be filed and prosecuted, and at all times hold him/herself amenable to the orders and process of the court." Continuing the trial for three months did not require Strother to answer any charge other than those presented in an accusatory

8

pleading based on his alleged acts; nor did it require Strother to hold himself amenable to any orders or process of the court except those in his case. The continuance in Strother's case merely required him to answer the charges on March 26 rather than December 8, pursuant to the orders and process of the court in his own case. (See *County of Los Angeles v. Grannis* (1928) 88 Cal.App. 391, 392 (*Grannis*) [continuances without notice to sureties did not relieve sureties of their obligations].)

Appellants fail to establish error on this ground.[1]

D. Summary Judgment in Favor of the Superior Court

Appellants contend that summary judgment in favor of the "Superior Court of California, County of San Mateo" rather than "the People" constitutes a fundamental defect that renders the judgment void. Specifically, they argue that the court lacked jurisdiction to enter the judgment in favor of the superior court, because the court is not a party to the bail bond contract and entry of the judgment in favor of the superior court "fundamentally undermines the Court's neutrality and divests the trial court of jurisdiction."

1. Proceedings in the Trial Court

The named plaintiff throughout this proceeding, as indicated in the pleadings including the Summary Judgment and Notice of Entry of Summary Judgment, is "the

---

[1] Appellants contend in a footnote in their reply brief that the continuance materially increased the surety's risk because it gave Strother time to plan his flight from justice. However, this conclusion is not supported by the facts asserted in the investigators' declarations, which appellants submitted to the trial court in support of their motion. To the contrary, a letter from Strother's apartment manager stated that Strother told her in March 2012 that he would be gone for a week a couple of times each month for several months. There is no evidence of Strother's planning flight during the three-month continuance period; nor is there any indication that Strother should have been viewed as a flight risk in the event of a continuance. Continuances alone do not increase a surety's risk. (*People v. United Bonding Ins. Co.* (1969) 274 Cal.App.2d 898, 904, citing *Grannis*, *supra*, 88 Cal.App. at p. 392 ["[s]ureties were not relieved from their obligation because the trial of the cause was continued several times without the knowledge or consent of the sureties"].)

9

People." Judgment, however, was entered in favor of "the Superior Court of California, County of San Mateo."

The discrepancy was called to the court's attention in appellants' motion to set aside the judgment. In the People's opposition to the motion, the People argued that the "San Mateo Superior Court is 'an arm of the state,' " "the superior court represents the people," judgment "in favor of the Superior Court" was for "the benefit of the 'people,' " and "there was no fundamental defect" in the judgment.

The matter was also addressed at the hearing on the set-aside motion. Appellants' counsel asserted that the bond specifically states it is for the benefit of the People, the action was brought in the name of the People, and the court should not be a judgment creditor because it must remain neutral. Appellants' counsel represented that in all other counties in which he litigated, the judgment was entered in the name of the People or the county, not the superior court.

County counsel countered that the entry of judgment in favor of the superior court did not compromise the court's neutrality because "the money is going to the people of which the Court represents." Counsel represented that entry of judgment in favor of the superior court was the county's custom and practice.

The court queried whether, assuming for purposes of argument the court is not the appropriate entity, the entry of judgment in favor of the court would reflect a clerical error and not warrant setting aside the judgment. Appellants' attorney replied that it could not be a clerical error, since it was purportedly pursuant to the county's custom and practice.

The court accepted county counsel's representation that entry in favor of the superior court was the custom and practice in San Mateo County and denied the motion to set aside the judgment.

### 2. <u>Was It Erroneous to Enter Judgment in Favor of the Court</u>?

Penal Code section 1306 provides for entry of summary judgment when a bond is forfeited. It does not explicitly state whether judgment should be entered in favor of the

10

county, the superior court of that county, or "the People" of the State of California. (Although subdivision (b) provides, "If a court grants relief from bail forfeiture, it shall impose a monetary payment as a condition of relief to compensate *the people* for the costs of returning a defendant to custody pursuant to Section 1305 . . ."; italics added.)

For decades, however, our Supreme Court has held that judgment on the forfeiture of a bail bond may be entered for the People *or* the *county* in which the criminal matter is proceeding. (*People v. De Pelanconi* (1883) 63 Cal. 409, 410 [action on a forfeited bail bond may be brought in the name of the People or the county]; *People v. Hodges* (1928) 205 Cal. 476, 477 [forfeiture properly entered in the name of the real party in interest, the county].) Respondent does not cite to any decision authorizing entry in favor of the *superior court* of the county.

Furthermore, in the matter before us, the People are identified as the plaintiff in the case. (See *Fazzi v. Peters* (1968) 68 Cal.2d 590, 594 [citing general rule that a judgment is void to the extent it is entered for or against a person who is not a party to the proceeding]; Code Civ. Proc., § 577 [a judgment is the final determination of the rights of the parties].) And the bail contract specifies that, in the event Strother failed to appear, North River would "pay to the People of the State of California" $70,000.

For purposes of this appeal, therefore, we will assume that judgment should have been entered in favor of the People (or the county) rather than the superior court.

### 3. Modification

Appellants argue that the judgment cannot be amended to cure this purported defect, because county counsel intentionally prepared the judgment to be entered in favor of the court, pursuant to the county's custom and practice. They further argue that, since the court intended that judgment be rendered in favor of the superior court, the error cannot be corrected as a clerical error, but requires the judgment to be set aside for judicial error.

In the interests of justice and judicial efficiency, we will modify the judgment such that it provides for judgment in favor of "the People." It would be an idle act for us to

11

simply reverse or vacate the judgment, since on remand the same judgment would be entered again in favor of the People. And there is no prejudice to appellants in our modifying the judgment in this manner: appellants assert that the judgment should have been rendered in favor of the People, and our modification will effect that result; and appellants do not establish any harm arising from the judgment being rendered in favor of the superior court that is not cured by our now modifying it to grant judgment in favor of the People. We merely effect the intention of the parties and the court that judgment be entered in a manner consistent with the law and appellants' liability under the bond contract. (See *People v. International Fidelity Ins. Co*. (2007) 151 Cal.App.4th 1056, 1059-1060 [summary judgments entered on forfeitures of bail are consent judgments].)

Appellants fail to demonstrate reversible error.

## III. DISPOSITION

The judgment is modified so that it is granted "in favor of the People" rather than "in favor of the Superior Court of California, County of San Mateo." As so modified, the judgment is affirmed. The order denying appellants' motion to set aside the judgment is also affirmed.

NEEDHAM, J.

We concur.

SIMONS, Act. P. J.

BRUINIERS, J.

12